AARON PRATT *vs.* CHARLES S. BATES.

Norfolk.    January 23, 1894. — May 17, 1894.

Present: FIELD, C. J., ALLEN, MORTON, & BARKER, JJ.

*Sale of Land subject to Contingent Remainders — Petition signed by Attorney — Insufficient Description of Premises — Appointment of Guardian ad Litem after Entry of Decree — Waiver — Case stated.*

The submission of a case to the Superior Court, and to this court on appeal, on agreed facts, which includes the proceedings in the Probate Court by which a trustee was appointed under Pub. Sts. c. 120, §§ 19, 20, and authorized to sell

land subject to a contingent remainder, is a waiver of the objection that the proceedings in the Probate Court cannot be impeached collaterally.

On a bill in equity to compel the specific performance of an agreement to purchase land, it appeared that the plaintiff, on the petition under Pub. Sts. c. 120, §§ 19, 20, of a person in possession of land subject to a contingent remainder, was appointed by the Probate Court a trustee to sell the land. The petition was signed by the petitioner's attorney, and recited that he had an "estate in possession in about three quarters of an acre of land, be the same more or less, situated south of N. Street in the town of C., . . . subject to various contingent remainders under the will of M., late of said C., deceased." It further appeared that the appointment of the guardian *ad litem* and next friend to represent the possible issue of the petitioner was not made until after the decree appointing the trustee and authorizing the sale. *Held,* that the petition was properly signed by the petitioner's attorney; that the description of the premises in the petition was insufficient; that the appointment of the guardian *ad litem* should have been made before the entry of the decree appointing the trustee and authorizing the sale, and that Pub. Sts. c. 142, § 18, did not apply, for the reason that the premises were not " held by one who purchased them in good faith " under the probate proceedings.

BILL IN EQUITY, filed January 30, 1893, to compel specific performance of an agreement to purchase land.

Hearing in the Superior Court, on the bill, answer, and agreed facts, in substance as follows.

On May 12, 1892, one George E. Fisher, of Kenyon, in the State of Rhode Island, who was a devisee under the will of Sarah B. Mayo, deceased, filed a petition under Pub. Sts. c. 120, §§ 19, 20, in the Probate Court for the County of Norfolk, reciting that he had " an estate in possession in about three quarters of an acre of land, be the same more or less, situated south of North Main Street in the town of Cohasset," in the county of Norfolk, and " that said real estate is subject to various contingent remainders under the will of Sarah B. Mayo, late of said Cohasset, deceased," and asking for the appointment of a trustee, and the sale of the real estate. The petition was signed, " George E. Fisher, by his attorneys, Simmons and Pratt." The description in the citation was like that in the petition, except that it did not state that the petitioner had an estate in possession. On the second Wednesday in June, 1892, the Probate Court entered a decree appointing the plaintiff trustee, and authorizing him to sell and convey the real estate in fee simple by private sale or public auction. Subsequent to the entry of the decree appointing the plaintiff trustee and authorizing the sale, one Newhall was appointed by the Probate Court guardian *ad litem* and next

friend to represent the possible issue not in being of George E. Fisher. At the argument in this court, it was agreed, if competent, that the guardian did not take the oath required of him until after the sale of the land by the trustee. The plaintiff, as such trustee, gave bond, and after due notice, pursuant to the order of the court, sold the land at public auction on July 12, 1892, to the defendant, who, through his duly authorized agent, signed an agreement of purchase stipulating that payment should be made " on delivery of the deed of said land at any time within six days, with a good title." The plaintiff seasonably tendered the defendant a deed, in which the land was bounded and described as follows: " northerly by said North Main Street about sixteen (16) rods and nine (9) links; easterly by said highway about twenty (20) links; southerly by land of Mary and Priscilla Lincoln seventeen (17) rods and seven (7) links, and westerly by land of Thomas Reedy, formerly land of Sarah P. Tolman, being the same premises described in a deed thereof from Levi Willcutt to Sarah B. Mayo, dated October 2, 1854, and recorded with Norfolk County Deeds, Book 231, page 211, reference thereto being had." The defendant refused to accept the deed, or to pay the purchase price.

The Superior Court ordered the bill to be dismissed; and the plaintiff appealed to this court.

*J. F. Simmons*, for the plaintiff.

*F. V. Balch*, for the defendant.

MORTON, J. This case was heard in the Superior Court on agreed facts, and comes here by appeal from the decree dismissing the bill. The facts as agreed include the proceedings in the Probate Court by which a trustee was appointed and was authorized to make the sale. They also state that the appointment of Newhall as guardian *ad litem* and next friend, and to represent the possible issue of George E. Fisher, was not made till after the decree appointing the trustee and authorizing the sale. It was agreed at the argument in this court, if competent, that the guardian did not take the oath required of him till after the sale. We think that the effect of the agreed facts is to waive the objection that the regularity of the proceedings in the Probate Court cannot be impeached collaterally, and to submit independently of that consideration the question whether the defendant

should or should not be compelled to complete the purchase and to take the deed which has been tendered to him. *Wheelock* v. *Henshaw*, 19 Pick. 341. *Commonwealth* v. *Greene*, 13 Allen, 251.

The first objection urged by the defendant is that the petition for the appointment of a trustee and the sale of the land was not signed by the petitioner, but by his attorney. We think that this objection is fully met by the case of *O'Neil* v. *Glover*, 5 Gray, 144. Without repeating and applying the reasoning of that case to this, it is enough to say that considerations similar to those which led the court to hold in that case that a signing of the petition by attorney was sufficient lead to a like result in this.

The defendant objects, in the next place, that by reason of the imperfect description of the estate in the petition and citation there was no sufficient legal notice to the parties interested. The petition sets out that the petitioner lives in Rhode Island, and " has an estate in possession in about three quarters of an acre of land, be the same more or less, situated south of North Main Street in the town of Cohasset," in the County of Norfolk, and that said real estate is " subject to various contingent remainders under the will of Sarah B. Mayo, late of said Cohasset, deceased." The citation is like the petition, except that it does not state that the petitioner has an estate in possession. In a writ of entry or a petition for partition it is clear that the description would not be sufficient; *Rochester Proprietors* v. *Hammond*, Quincy, 159; *Miller* v. *Miller*, 16 Pick. 215; *Atwood* v. *Atwood*, 22 Pick. 283; though no doubt it would be in a deed. The original proceeding in the Probate Court was not a suit between certain parties. It was in the nature of a proceeding *in rem;* and we think that the *res* which in such cases is the subject of the application to the Probate Court should be so fully described, where practicable, that any of the persons interested may readily understand and discern from the citation and petition what real estate is referred to. In the present case it is possible that a person interested might infer from the statement that the real estate was subject to various contingent remainders under the will of Sarah B. Mayo, and that she was formerly the owner of it; and if he also knew that she owned but one lot of land in Cohasset, he might conclude that the parcel described in

the deed was the one intended. But there is no allegation in the petition or citation that she was formerly the owner, or that it was the only tract of land in Cohasset belonging to her at her decease. The land is described in the petition and citation as "south of North Main Street." Whether this means that it is bounded on the north by that street, or is situated some distance to the south of it, is uncertain. While it is said that the petitioner "has an estate in possession," there is nothing to show that any one was in actual occupation, and the description of the area as "about three quarters of an acre, . . . more or less," manifestly would be of little assistance in understanding what land was meant. In view of the fact, as appears from the deed, that it was possible to describe the land much more fully, and taking also the character of the proceeding into account, we incline to hold that the description is too indefinite.

Lastly, the defendant objects that the decree is invalid because of the failure to appoint before its entry some one as guardian *ad litem* and next friend to represent contingent interests. We think this objection is well taken. The language of the statute is, "The court shall in every case appoint a suitable person to appear and act therein as the next friend of all minors, persons not ascertained, and persons not in being, who are or may become interested in such real estate." Pub. Sts. c. 120, § 20. We regard this language as mandatory, and not as directory merely. The object of the provision is to protect the interests of the persons described; and in order to accomplish that purpose, the appointment and qualification of the person appointed, and his examination into the subject matter of the petition, should precede, and not follow, the entry of a decree regarding the sale prayed for. In the nature of things the persons represented are not, and cannot be, before the court; and justice requires that, before a decree can be passed that shall conclude their rights, their representative should be in a position to be heard respecting it. We do not mean to intimate that, if a decree had been inadvertently entered before the appointment of a guardian *ad litem*, it could not be vacated, and a guardian *ad litem* appointed and a new decree entered under which a sale could take place. The provisions of Pub. Sts. c. 142, § 18, do not apply, for the reason that the premises are

not "held by one who purchased them in good faith" under the probate proceedings. That statute was designed for the protection of purchasers, not of executors and trustees.

Upon the whole case, we think the decree of the Superior Court should be affirmed, and it is				*So ordered.*