MALVINA S. NAZRO *vs.* NANCY L. G. LONG.

Plymouth. June 19, 1901. — September 3, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, BARKER, & HAMMOND, JJ.

*Probate Court*, Jurisdiction. *Equity Jurisdiction*, Equitable assignment. *Real Action*, Equitable defence.

The Probate Court has no jurisdiction to make a decree, under Pub. Sts. c. 142, § 1, against the administrator of a party to an agreement to convey real estate, for the specific performance of the agreement, without first giving notice to all persons interested.

A deed was given by an administrator in obedience to a decree of the Probate Court, under Pub. Sts. c. 142, § 4, for the specific performance of an agreement to convey the land. All parties acted in good faith, but the deed was void, because the decree was made without notice to persons interested. The grantee paid the purchase money in accordance with the agreement, occupied the premises for about twelve years with the knowledge of the heirs at law of the grantor's intestate and without objection from anybody, made substantial repairs and additions and paid the taxes. In a writ of entry brought by one claiming under an heir at law of the grantor's intestate, to recover the premises, it was *held*, that, as an equitable defence under St. 1883, c. 223, § 14, the tenant had a title in the property that would be enforced in equity, being in the position of an equitable assignee of the original contract of sale. *In this case* the original contract of sale ran to the husband of the tenant. *Held*, that the tenant's rights as equitable assignee were not affected by the marital relation.

WRIT OF ENTRY to recover certain land in Wareham, dated January 11, 1899.

The answer set forth in full the facts relied upon in defence and hereafter stated.

At the hearing in the Superior Court, before *Richardson, J.*, without a jury, it appeared, that the demanded premises were a portion of a tract of about twelve acres, formerly constituting

the farm or estate of Abijah Long of Wareham. Both demandant and tenant claimed title through Abijah Long, who had been in possession of the premises since March 24, 1845, and until he died intestate on April 17, 1885. He left a widow, Pauline Long, and as heirs at law and next of kin, two sons, Albert W. Long and Abijah C. Long, both of full age, and two minor grandchildren, daughters of a deceased daughter, Sarah; namely, the demandant, Malvina S. Mann, then aged seventeen, and married since the bringing of this action to one Henry J. Nazro, 2d, and Sarah E. L. Rogers, a younger sister. Subject to the rights of the widow and to the effect of the agreement hereafter mentioned, the legal title to the "Abijah Long Property," including the locus, was one sixth in the demandant, one sixth in Sarah E. L. Rogers, and one third each in Albert W. Long and Abijah C. Long.

On June 8, 1885, Pauline Long, widow of Abijah, was appointed administratrix of his estate, gave bond on the same day and duly published notice of her appointment. She at no time filed an account of her administration, and is long since deceased.

Albert W. Long died at Wareham on August 13, 1891, intestate, leaving a widow, Nancy L. G. Long, the tenant in this action, and two sons, Albert H. Long and John C. Long. The demandant claimed under deeds from Albert H. Long and John C. Long. The deed of Albert H. was dated November 12, 1896, confirming a former deed of July 17, 1896. The deed of John C. was dated July 25, 1898, and purported to convey the dower rights of his mother Nancy L. G. Long, which he had acquired subject to the agreement hereafter mentioned.

Shortly before his death, Abijah Long executed the following instrument: "Wareham, April 7, 1885. This is to certify that I, Abijah Long, do promise and agree in consideration of the two hundred ($200) dollars to sell and convey to Albert Long, my son, a certain tract of land [Description]. The said Albert Long is to pay interest on the place from the time he comes into possession, and until he pays for the place, and shall pay sixty ($60) dollars per year until the said place is paid for with interest at 4 per cent. Abijah Long, Albert W. Long, Pauline Long. Witness, Jerome H. Butler."

The demandant, for the purposes of the case, admitted that such an agreement had been made. On December 13, 1886, Albert W. Long filed in the Probate Court for the County of Plymouth a petition under Pub. Sts. c. 142, § 1, annexing thereto a copy of the foregoing instrument, and praying that a specific performance of the agreement might be decreed, and that Pauline Long, administratrix of the estate of Abijah Long, might be ordered to convey the estate to him in accordance with its terms.

On the same day *Keith*, J., made the following decree: " On the petition of Albert W. Long of Wareham in said county praying that a specific performance of a contract for the sale of real estate to him by Abijah Long, late of said Wareham, may be decreed; it appearing that said Abijah Long did during his lifetime make an agreement to sell certain real estate to Albert W. Long described in the copy annexed to said petition. It is ordered and decreed that Pauline Long, administratrix of the estate of said Abijah Long, be ordered to convey said real estate according to the terms of said agreement."

Under and in pursuance of this decree Pauline Long, as " widow and administratrix of the estate of Abijah Long," purported to convey the locus on February 19, 1887, to the tenant " Nancy L. G. Long, wife of Albert W. Long," by a quitclaim deed, reciting the agreement and decree and the receipt of $200 as the consideration for the conveyance.

There was no evidence tending to show that any citation was ever issued upon the above petition of Albert W. Long to the Probate Court, or that any notice, actual or constructive, was ever given to the persons interested, or that such persons or any of them ever waived in writing or otherwise the benefit of such notice, and the judge found as a fact, that no such notice was given, and that the decree was made on the same day on which the petition was filed.

At the request of the demandant, the judge ruled that the deed of February 19, 1887, conveyed no title to the tenant in and to the demanded premises, but was void, and was without legal effect. The tenant thereupon introduced evidence, under the demandant's objection that it was immaterial and incompetent, tending to show the following, which were found to be facts by

the judge: That Albert W. Long paid to Pauline Long, administratrix of the estate of Abijah Long, the consideration recited in her deed to his wife of February 19, 1887, it being the amount stipulated in the original agreement between Abijah Long and Albert W. Long; that the tenant and her husband moved into the demanded premises at or about the time of the death of Abijah Long, and have resided there until the present time without objection on the part of anybody; that they attempted to get a deed, namely, that of February 19, 1887, and thought they had got one; that the tenant's husband, shortly after Abijah Long's death, made repairs upon or additions to the house at a cost of about $130, and that up to the time of his own death Albert W. Long paid the taxes upon the property, and that their occupancy during the whole time was known to the heirs at law of Abijah Long, including the demandant.

The demandant asked the judge to rule: 1. That these facts were not competent for the tenant under her answer, and 2. That if competent, under the answer, the facts if proved would not constitute a defence to the action.

The judge declined so to rule, but ruled that the facts relied on by the tenant as above set forth and found by him were admissible under the tenant's answer, and were an equitable defence to the demandant's claim. He found for the tenant; and at the request of the demandant, and with the consent of the tenant, reported the case for the determination of this court.

If the deed of February 19, 1887, operated to convey to the tenant title to the demanded premises, or if the facts stated and found by the judge legally constituted an equitable defence to this action, judgment was to be entered upon the finding. Otherwise, if the deed from John C. Long to the demandant of July 25, 1898, operated to convey to the demandant a one half interest in the demanded premises, judgment was to be entered for the demandant, with the damages assessed at $1. If this deed did not operate to convey to the demandant a one half interest in the granted premises, judgment was to be entered for the demandant for an undivided half of the demanded premises, and such additional interest, if any, as the court should find passed to the demandant under this deed, with damages assessed in the sum of $1.

*C. F. Chamberlayne,* for the demandant.

*G. W. Stetson & N. Washburn,* for the tenant.

KNOWLTON, J.　We may assume in favor of the demandant that if the tenant had no rights in the property the demandant's title would be sufficiently proved by the facts stated.

The judge rightly ruled that the deed under which the tenant claims is void, because under the Pub. Sts. c. 142, § 1, the Probate Court had no jurisdiction to make the decree on which it was founded without first giving notice to persons interested. Such a notice is expressly required by the statute, and if it were not, the principles of natural justice would require it. *Pratt* v. *Bates,* 161 Mass. 315, 318. *Shaw* v. *Paine,* 12 Allen, 293. *Smith* v. *Rice,* 11 Mass. 507. *Chase* v. *Hathaway,* 14 Mass. 222, 227. *Hathaway* v. *Clark,* 5 Pick. 490. *Peters* v. *Peters,* 8 Cush. 529, 543. *Jochumsen* v. *Suffolk Savings Bank,* 3 Allen, 87. *Pierce* v. *Prescott,* 128 Mass. 140, 143, 144.

The important question in the case is whether the facts show an equitable defence under the St. 1883, c. 223, § 14.　Everything relied on for this purpose is set out at length in the answer, and no question of pleading is argued.

It appears that Abijah Long who owned the demanded premises made a contract in writing with his son Albert W. to convey to him the property for the sum of $200.　He died not long afterwards without having made the conveyance, and Albert W. Long brought a petition in the Probate Court for an order that the administratrix of his estate carry out the contract.　A decree in accordance with the prayer of the petition was made without notice to the persons interested, on the day on which the petition was filed.　On February 19, 1887, the administratrix made a deed of the property to the tenant, who was the wife of Albert W. Long, which deed recited the original agreements and the decree of the Probate Court, and the tenant, who with her husband began to occupy the premises about the time of the death of Abijah Long, has been in possession ever since. The judge found that Albert W. Long paid the sum of $200 to the administratrix in accordance with the agreement, that he and the tenant intended to obtain a deed of the property, and that they thought they had a valid one, that they made repairs upon or additions to the house to a substantial amount and paid

the taxes, and that their occupancy during the whole time was known to the heirs of Abijah Long and was not objected to by anybody.

Under these facts and findings the tenant has a title in the property which will be enforced by a court of equity. The evidence puts the tenant in the position of an equitable assignee of the original contract of sale. Such an assignment may be made orally. *Currier* v. *Howard*, 14 Gray, 511. Under the circumstances of this case the tenant's rights are not defeated by the fact that she was the wife and is now the widow of Albert W. Long.

Moreover, the case comes within the provisions of the Pub. Sts. c. 142, § 22, which give a remedy in equity when an act or proceeding of a person acting as administrator under the appointment or license of a probate court is void by reason of an irregularity or want of jurisdiction or authority of the court. It is very similar to *Nott* v. *Sampson Manuf. Co.* 142 Mass. 479, which sufficiently covers it as an authority.

*Judgment on the finding.*