BESSIE HILLSON *vs.* LOUIS HILLSON.

Suffolk.   March 13, 1928. — March 16, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Marriage and Divorce,* Annulment.   *Probate Court,* Proceedings for annulment of marriage: appeal, guardian ad litem, investigator.

A petition in a probate court for revocation of a decree, entered twenty-three days before, declaring null and void a marriage of B. H., named as petitioner "B. H., an insane person, who brings this petition by J. S., her mother and next friend," and was signed "J. J. S., Mother and next friend of B. H." A decree was entered denying the petition. An appeal therefrom was signed, "B. H. By J. S., Her mother and next friend."

This court determined the merits of this appeal after stating that it *was assumed* that an appeal in that form properly was before the court.

In the absence of anything to the contrary in the record of an appeal before this court, it must be assumed that one appointed under G. L. c. 208, § 16; St. 1922, c. 532, § 6, an investigator in a proceeding in a probate court for the annulment of a marriage was a member of the bar.

A probate court, in proceedings seeking an annulment of a marriage, appointed an attorney at law guardian *ad litem* of the libellee and investigator, and he filed a report reading as follows: "After investigation of the above entitled matter, I find as a fact that the libellee was insane . . . at the time of her marriage to the libellant." A decree thereupon was entered annulling the marriage. The libellee thereupon filed a petition for a revocation of that decree, which was denied. Upon her appeal from such denial, it was *held*, that

(1) The appointment of the guardian *ad litem* was regular and in accordance with the provisions of G. L. c. 208, § 15; c. 201, § 34;

(2) There was no reason apparent on the record why the same person should not be appointed guardian *ad litem* and investigator;

(3) Upon the facts stated in his report, there was no obligation on the guardian *ad litem* thereafter to contest the proceeding;

(4) No error was disclosed.

PETITION, filed in the Probate Court for the county of Suffolk on October 27, 1927, for the revocation of a decree, entered in that court on the fourth of that month, declaring null and void a marriage of Bessie Hillson to Louis Hillson. The petition named "Bessie Hillson, an insane person, who brings this petition by Jennie Shapiro, her mother and next friend," as petitioner. It was signed "J. J. Shapiro, Mother and next friend of Bessie Hillson."

Proceedings in the Probate Court before *Dolan*, J., are described in the opinion. The petition was dismissed. The form of appeal is stated in the opinion.

*J. Brettler*, for the petitioner.

*A. Hurwitz*, for the respondent.

RUGG, C.J. This is an appeal from a decree of the Probate Court denying a petition for revocation of a decree, theretofore entered in that court, declaring void and annulling the marriage between the parties. The appeal is signed "Bessie Hillson By Jennie Shapiro, Her mother and next friend." We assume that an appeal in this form is properly before us. See *Delaney* v. *Cook*, 256 Mass. 203. The divorce proceeding appears to have been properly served. Thereafter that court by order of Dolan, J., appointed one Joseph Samuels guardian

*ad litem* and investigator.   It must be assumed that the
person so appointed was a member of the bar.    G. L. c. 208,
§ 16; St. 1922, c. 532, § 6.   A report signed by this person
as "Guardian ad Litem and Investigator" was later filed of
this tenor: "After investigation of the above entitled matter,
I find as a fact that the libellee was insane . . . , at the time
of her marriage to the libellant."

The appointment of the guardian *ad litem* for the libellee
appears to have been regular and in accordance with the
provisions of G. L. c. 208, § 15; c. 201, § 34.   There is no
reason why the same person may not rightly be appointed
both guardian *ad litem* and investigator in a proceeding of
this nature.   The guardian *ad litem* represented the libellee.
*Pratt* v. *Bates,* 161 Mass. 315, 319.   Having found facts
which required his report to the court as above stated, there
was no obligation that he thereafter contest the proceeding.
No evidence is reported, and therefore all findings of fact
warranting the action of the Probate Court must be pre-
sumed.   No error of law is disclosed.

> *Order denying the petition for*
> *revocation affirmed.*