JAMES ANAGNOSTOPOULOS *vs.* THEODORE A.
ANAGNOSTOPOULOS.

Suffolk.    October 9, 1940. — December 2, 1940.

Present: FIELD, C.J., DONAHUE, COX, & RONAN, JJ.

*Probate Court*, Appeal.    *Evidence*, Pleadings as evidence.

Mere incorporation by reference of court documents in a petition in a
   Probate Court did not make them evidence at a hearing of the petition.
A decree dismissing a petition for revocation of a decree of a Probate
   Court was affirmed on appeal where the facts were not agreed upon,
   there was no report of evidence at the hearing of the petition and no
   statement of facts found by the judge.

PETITION, filed in the Probate Court for the county of
Suffolk on January 23, 1940.

The case was heard by *Mahoney, J.*

*H. J. Booras,* (*J. A. Edgerly* with him,) for the petitioner.
*R. B. Owen,* (*M. B. Holsberg* with him,) for the respondent.

RONAN, J.    This is an appeal from the dismissal of a
petition to revoke a decree of the Probate Court, entered on
December 5, 1928, authorizing Theodore Anagnoson, the
guardian of the present petitioner, to transfer to himself
individually certain shares of stock.    The petition alleges
that Theodore A. Anagnostopoulos, alias Theodore Anag-
noson, was appointed guardian of the petitioner, an insane
person, on April 1, 1924; that the guardian filed an inven-
tory which included these shares of stock as the property of
the ward; that upon filing a petition to transfer this stock
to himself as his own property a decree was entered permit-
ting such transfer after a guardian *ad litem* had been ap-
pointed and reported to the Probate Court; and that no
notice was given to the ward of the filing of this petition to
transfer the stock.    The petitioner was discharged from
guardianship on January 5, 1940.

The case is here on an appeal after a full hearing upon the
merits in the Probate Court.    There is no report of the evi-

dence and there are no findings of fact. Ordinarily the only question open on this record would be whether a decree dismissing the petition could have been entered under the pleadings. *Hale* v. *Blanchard*, 242 Mass. 262. *Brogna* v. *Commissioner of Banks*, 248 Mass. 241.

The petition incorporates by reference the petition filed on April 23, 1928, and the order appointing a guardian *ad litem*. The decree of December 5, 1928, authorizing the transfer of the stock to the guardian personally is set forth in the petition. The only effect that can be given to this reference is that the instruments referred to became a part of the pleadings, but they did not on that account become evidence at the trial of the petition to revoke the decree. *Gallo* v. *Foley*, 299 Mass. 1. *Gorey* v. *Guarente*, 303 Mass. 569.

Even if we should assume in favor of the petitioner that these documents were introduced in evidence, we cannot say that there was error in dismissing the petition because we have no right to assume that these documents constituted all the evidence upon the issue. The petition filed April 23, 1928, shows no acceptance of service. The interlocutory decree appointing the guardian *ad litem* and the final decree granting the petition contain no recitals concerning notice to the ward. *Commonwealth* v. *Rivers, ante,* 225. These documents make no mention whatever of notice to the ward. If they were in fact introduced in evidence we cannot say that, standing alone, with nothing to show what other evidence, if any, was introduced, they required the judge to find that the ward did not receive any notice of the filing or pendency of the petition or to rule that the petition to revoke the decree must be granted.

The petition of April 23, 1928, was filed in his own behalf by the person who was guardian to secure an adjudication that the stock belonged to him and that the ward had no interest therein. The fiduciary was acting entirely in his own interest in this adversary proceeding against the ward. It was a separate proceeding involving the ownership of property which stood in the name of the ward. Rule 2 of the Probate Court (1934). The latter even though insane

was entitled to notice.  *Taylor* v. *Lovering,* 171 Mass. 303. *Nazro* v. *Long,* 179 Mass. 451.  *Parker* v. *Lewis J. Bird Co.* 221 Mass. 422.  *Hellier* v. *Loring,* 242 Mass. 251.  *Witherington* v. *Nickerson,* 256 Mass. 351.  *Donnell* v. *Goss,* 269 Mass. 214.  *Dolan* v. *Roy,* 286 Mass. 519.

We do not understand that the validity of the appointment of the guardian *ad litem* is questioned except on the ground of lack of notice of the petition to the ward.  G. L. (Ter. Ed.) c. 201, § 34.  *Taylor* v. *Lovering,* 171 Mass. 303. *Hillson* v. *Hillson,* 263 Mass. 143.

The dismissal of the petition to revoke imports a finding of all facts necessary for its support, and the record does not demonstrate error in the denial of the petition.  *Levinson* v. *Connors,* 269 Mass. 209, 210.  *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209.  *Pouliot* v. *West India Fruit Co.* 283 Mass. 182.  *Milne* v. *Walsh,* 285 Mass. 151.  *Whitney* v. *Whitney,* 299 Mass. 547.

<div align="right">

*Decree affirmed.*