LUCILLE E. MORAN vs. DISTRICT COURT OF CENTRAL
MIDDLESEX.

Suffolk. March 2, 1964. — April 1, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & REARDON, JJ.

*Error, Writ of. Insane Person. Judgment.*

A proceeding under G. L. c. 123, §§ 50–54, leading to an order for com-
mitment of one to a mental institution under § 51 was not in the course
of the common law, nor was the order a judgment, and the proceeding
was not reviewable by writ of error.

PETITION for a writ of error filed in the Supreme Judicial
Court for the county of Suffolk on July 1, 1963.

The case was reserved and reported by *Whittemore, J.*,
without decision.

*David Burres* for the petitioner.

*James W. Bailey*, Assistant Attorney General, for the
Commonwealth.

WILKINS, C.J. This petition for a writ of error is re-
ported without decision by a single justice. The petitioner,
pursuant to proceedings purportedly under G. L. c. 123,
§§ 50–54, 79, was a patient at the Veterans Administration
Hospital in Bedford from November 7, 1959, to March 17,
1960. Although no longer a patient or subject to confine-
ment or restraint, she nevertheless contends that she is
entitled to an adjudication of error in the commitment
proceedings.

In his report the single justice states that he has doubt
whether the petitioner is entitled to relief by writ of error.
A writ of error lies only to review proceedings held ac-
cording to the course of the common law. *Blankenburg* v.
*Commonwealth*, 260 Mass. 369, 371. *Giarruso* v. *Payson*,
272 Mass. 417, 419. *O'Leary, petitioner*, 325 Mass. 179, 184.
There also must be a judgment or an award in the nature of
a judgment. *Drowne* v. *Stimpson*, 2 Mass. 441, 445. See

*Cooke, petitioner,* 15 Pick. 234; *Commonwealth* v. *Marsino,* 252 Mass. 224, 228, dismissed sub nom. *Marsino* v. *Commonwealth,* 271 U. S. 642; G. L. (Ter. Ed.) c. 250, § 3.

An order of commitment under G. L. c. 123, § 51, as amended, is not a judgment. This is clear from two decisions dealing with predecessor statutes. In *Leggate* v. *Clark,* 111 Mass. 308, 310, it was said that St. 1862, c. 223, § 3, "does not pretend to declare the person committed to the hospital to be incapable of transacting business. It does not take from him the care and management of his estate. It affords a justification for the restraint of his person, but is not designed to fix his *status.*" In *Dowdell, petitioner,* 169 Mass. 387, where there was a commitment under Pub. Sts. c. 87, § 12, as amended, it was said (p. 388) : "The order of commitment settles nothing finally or conclusively against the person committed. It does not take from him the care or control of his property. It is not equivalent to the appointment of a guardian over him. *Leggate* v. *Clark,* 111 Mass. 308, 310. He is entitled as a matter of right to institute judicial proceedings under the statutes, to determine the necessity and propriety of his confinement." See *Mitchell* v. *Mitchell,* 312 Mass. 165, 168. We conclude that the proceedings leading to the order of commitment were not in the course of the common law, and that writ of error is not an appropriate method of review.

*Petition dismissed.*