Lenhoff, J.
The plaintiffs complaint, sounding in tort, was originally entered in the Superior Court and transferred to the District Court under the provisions of G.L. c. 231,.§ 102C. The plaintiff seeks monetary damages for personal injury alleged to have been sustained by a bone becoming lodged in her throat while eating fish when dining. In response to such claim, the defendant denies same, contending that it did not breach any warranty made to the plaintiff or that it was negligent in the preparation or serving of food to her.
*83 After hearing, the Trial Court found for the plaintiff and assessed damages in the sum of $650.00.
At the trial, there was evidence tending to show that the plaintiff was a customer at the defendant’s place of business and that she ordered filet of haddock with lobster sauce. After the ordered food was delivered, the plaintiff found bones therein and she showed same to her male-companion who was dining with her. Shortly thereafter, she felt something lodged in her throat causing her to become nervous and to go to the ladies room. When she returned to her seat, the, waitress gave her bread and milk which she consumed, but she felt that the object was not dislodged. About thirty minutes later, she left the restaurant and went home. After she was home about an hour, she was brought to a hospital, staying overnight. The following morning she had a laryngoscopy and esophagoscopy performed on her and no foreign body was seen nor was there any evidence of an abrasion. She left the hospital at 11:30 a.m. Her throat felt sore and the experience made her nervous.
The Trial Court made no special findings of fact.
The following requests for rulings of law were seasonably submitted by the defendant, all being considered to have been denied by the Trial Court by its disposition of each with the words: “Not True.”
1. The evidence does not warrant a finding that the defendant, Carpenter Enterprises, Inc. d/b/a/ The Grille Restaurant, breached its warranty.
2. The evidence does not warrant a finding for the plaintiff.
3. As a matter of law the evidence requires a finding for the defendant, Carpenter Enterprises, Inc. d/b/a The Grille Restaurant.
The defendant, claiming to be aggrieved by the Trial Court’s rulings denying its requests, it caused this matter to be brought to our attention for determination.
We first consider whether the defendant breached its warranty of merchantability owed to its customer, the plaintiff, by serving her filet of haddock and lobster sauce which contained bones therein.
Though the defendant argues that the record does not contain anything to show that a fish bone injured the plaintiff, we need not be concerned therewith if no breach of warranty is present. Therefore, we need not proceed further if no breach of warranty occurred. It follows that we must examine whether such was the case on the evidence here present.
The plaintiff asserts that fish offered as filet by the purveyor means that all bones have been removed therefrom and the fish consequently must be perfectly bone free. To buttress its position, the plaintiff cites WEBSTERS NEW TWENTIETH CENTURY DICTIONARY (1979), Page 425, wherein “filet” is defined as “In cookery, a boneless lean piece of fish or meat.” To counter the plaintiffs contention, the defendant cites Webster v. Blue Ship Tea Room, Inc. 347 Mass. 241 (1964), which at page 423 sets forth the following pertinent question: “Was the fish bone a foreign substance that made the fish chowder unwholesome or not fit to eat?”; and, in which case, our Supreme Judicial Court held that the ingestion of chowder containing a fish bone that became lodged in the customer’s throat created no liability and did not impair the fitness or merchantability of the food as one should anticipate bones in fish chowder.
In said Webster case, supra, the Court stated it was impressed by Allen v. Grafton, 170 Ohio St., 249 (1960), wherein the Ohio Court decided a fish bone was not a foreign object because “Bones which are natural to the type of meat served cannot legitimately be called a foreign substance, and a consumer who eats meat dishes ought to anticipate and be on his guard against the presence of bones.”
*84 Thus, we note that the defendant grounds its defense on what has been termed or labeled the “foreign-natural” doctrine, which first emerged in Mix v. Ingersoll Candy Co., 6 Cal. 2d 674, 59 P. 2d 144 (1936) wherein the Court held that a fragment of chicken bone contained in chicken pie was not unfit for human consumption, stating therein the following:
... It is not necessary to go so far as to hold that chicken pies usually contain chicken bones. It is sufficient if it maybe said that as a matter of common knowledge chicken pies occasionally contain chicken bones. We have no hesitancy in so holding, and we are of the opinion that despite the fact that a chicken bone occasionally be encountered in a chicken pie, such chicken pie, in the absence of some further defect, is reasonably fit for human consumption. Bones which are natural to the type of meat served cannot legitimately be called a foreign substance, and a consumer who eats meat dishes ought to anticipate and be on his guard against the presence of such bones....
In the case of Matthews v. Campbell Soup Company, 380 F. Supp. 1061, United States District Court, S.D. Texas, Houston Division, decided August 13, 1974, the above was quoted and there were citations set forth disclosing that a majority of jurisdictions probably have adopted the Mix case rationale. (The citations include Webster v. Blue Ship Tea Room, Inc., supra). Said Matthews case, supra, further states that not all jurisdictions have followed the “foreign-natural” view, but several courts have rejected same in favor of a “reasonable expectation” tést. Also cited therein is Zabner v. Howard Johnson's Inc., 201 So. 2d 824 (Fla. App. 1967) which involves a customer who was injured by a piece of walnut shell concealed in a dish of maple walnut ice cream. In said case, “the appellate court opted in favor of a test of‘reasonable expectation.’ The test should be what is ‘reasonably expected’ by the consumer in the food as served, not what might be natural to the ingredients of that food prior to preparation.”
By applying the “reasonable expectation” test to the facts of the instant matter, we further inquire whether the plaintiff should have anticipated a bone or bones in haddock filet. It is our considered opinion that the case of Webster v. Blue Ship Tea Room, Inc., supra, appears to combine both doctrines for application to the case at bar.
Here we find that reasoned, common experience clearly shows that one eating fish should expect or anticipate that a bone or bones are to be found in this type of food notwithstanding the fact that the purveyor has stated or represented that same was haddock filet. In the consumption of fish, filet or otherwise, one must be prepared “to cope with the hazard of fish bones” and be ever vigilant to guard against ingesting same.
In conclusion, we find that all the defendant’s rulings of law should have been granted. Consequently, we vacate the Trial Court’s judgment for the plaintiff and direct that judgment be entered for the defendent.

So ordered.