MICHAEL J. SULLIVAN *vs.* BRIDGET SULLIVAN.

Norfolk.　January 17, 1929. — February 14, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Probate Court*, Jurisdiction; Decree: power to vacate; Appeal: record.

A probate court has jurisdiction to vacate a decree, entered for the petitioner in proceedings to declare a husband to be living apart from his wife for justifiable cause and to permit him to convey his real estate as if sole, if the decree was entered, without a hearing on the merits, on default of the respondent because no appearance had been entered in her behalf due to inadvertence on the part of an attorney engaged by her to oppose the petition for her.

PETITION, filed in the Probate Court for the county of Norfolk on August 15, 1928, and described in the opinion.

In the circumstances described in the opinion, a decree was entered for the petitioner on September 19, 1928, and a petition that such decree be vacated was filed by the respondent on September 26, 1928, and, after hearing by *McCoole*, J., was dismissed. The respondent appealed.

*M. Jenckes*, for the respondent.

*H. W. Loker*, for the petitioner.

CARROLL, J.  Michael J. Sullivan brought a petition asking the Probate Court to enter a decree that his wife, Bridget Sullivan, deserted him, that he was living apart from her for justifiable cause, and that he might convey his real estate as if sole.  A citation issued.  Mrs. Sullivan did not enter her appearance, and a decree was entered on September 19, 1928, that she had deserted her husband and that he was living apart from her for justifiable cause.  On September 26, 1928, Mrs. Sullivan brought a petition in the Probate Court to vacate the decree of September 19, alleging that her attorney "by an inadvertence on his part" failed to enter her appearance, that the decree was entered on her default.  This petition was dismissed, the judge of probate ruling that the court had no jurisdiction of the subject matter of the petition. Mrs. Sullivan appealed.

It did not appear in the petition of Mrs. Sullivan that she had a meritorious defence to the original petition. Since the judge dismissed her petition on the ground that the court had no jurisdiction to vacate the original decree, we do not consider this failure to allege that she had a good defence would prevent a revocation if the court had jurisdiction to grant her petition. A court may correct errors or mistakes of fact in its decrees. *Gale* v. *Nickerson,* 144 Mass. 415. *Harris* v. *Starkey,* 176 Mass. 445. *Jones* v. *Jones,* 223 Mass. 540. A bill of review will lie for error of law apparent on the face of the record, or for new matter arising after the decree which could not have been produced in the original case. *Clapp* v. *Thaxter,* 7 Gray, 384. *Sawyer* v. *Davis,* 136 Mass. 239. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157. A decree may be vacated for fraud extrinsic to the issue raised at the trial, by which fraud the court was induced to assume a jurisdiction it could not have exercised if the truth had been known. *Sampson* v. *Sampson,* 223 Mass. 451, 462. But the rule is well settled that after the entry of a final decree the case is disposed of subject to the right of appeal; and the decree cannot be vacated because of supposed errors in the court's decision, because of false testimony on any of the issues involved, or because the case of the petitioner was not properly presented. *Zeitlin* v. *Zeitlin,* 202 Mass. 205. *Renwick* v. *Macomber,* 233 Mass. 530, 534. *Wright* v. *Macomber,* 239 Mass. 98, 101. *Burgess* v. *Burgess,* 256 Mass. 99. *Fuller* v. *Fuller,* 261 Mass. 82.

There is, however, a well recognized exception to this rule. That exception is stated by Chief Justice Bigelow in *Thompson* v. *Goulding,* 5 Allen, 81, 82, in these words: "Cases do not come" within the rule "where a final decree has been made on default of a party through the negligence or mistake of his solicitor." "The court of chancery has discretionary power, even after enrollment, to open a regular decree obtained by default, for the purpose of giving the defendant an opportunity to make a defence on the merits, where he has been deprived of such defence, either by mistake or accident, or by the negligence of his solicitor." *Day* v. *Allaire,* 4 Stew. 303, 315. This exception to the general rule was

approved in *Herbert* v. *Rowles,* 30 Md. 271, 278, *Bailey* v. *Merchants' Ins. Co.* 110 Maine, 348, 352, and *Millspaugh* v. *McBride,* 7 Paige, 509. The case at bar was not heard on the merits according to the findings of the judge, it was heard *ex parte* in the absence of the defendant. If the decree could not be vacated because of the mistake of the defendant's counsel, her status would be permanently established and the consequences might be important.

In our opinion, if the defendant's attorney neglected to enter an appearance, the Probate Court had jurisdiction to open the decree so that she might present her defence to her husband's petition. The decree is to be reversed and a decree entered vacating the original decree.

*Ordered accordingly.*