HOLYOKE NATIONAL BANK *vs.* ANNA S. DULITZKY.

Hampden.   September 18, 1930. — November 24, 1930.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Probate Court,* Jurisdiction; Decree: revocation.

A probate court was without jurisdiction to grant a motion that a decree, dismissing a petition for allowance of a will because the decedent was not domiciled in the Commonwealth at the time of his death, be revoked and a rehearing granted, where it appeared that the ground of the motion was not newly discovered evidence but was solely that, "through accident, mistake or misfortune," evidence which existed previous to the original hearing was not then presented.

PETITION, filed in the Probate Court for the county of Hampden on October 11, 1929, for proof of the will of Samuel Dulitzky.

The petition was heard by *Denison,* J., and, in the circumstances described in the opinion, was dismissed. Subsequent proceedings relating to a revocation of that decree are described in the opinion. The respondent appealed from a decree allowing the motion that the former decree be revoked and a rehearing granted.

*B. F. Evarts,* for the respondent.

*M. L. Welcker & D. Judelson,* for the petitioner, submitted a brief.

CARROLL, J.   This is an appeal by the respondent from a decree of the Probate Court revoking a decree of that

court, which dismissed a petition for the allowance of the will of Samuel Dulitzky.

The petition for the allowance of the will was filed October 11, 1929, by the Holyoke National Bank. According to the findings by the judge of probate, at a hearing held on this petition on December 2, 1929, the petitioner and respondent were represented by counsel and evidence was presented in regard to the domicil of the testator Dulitzky. " After hearing and arguments, the petition was dismissed on the ground that Dulitzky was not domiciled in this Commonwealth at the time of his death." A decree was entered to this effect. The petitioner filed a " claim of appeal " from this decree dated January 6, 1930. A motion for a rehearing was filed. On December 30, 1929, an amended motion " for rehearing and revocation " of the original decree was filed; at the hearing on December 31, 1929, on this motion, " The only evidence presented was that which existed prior to the original hearing which, petitioner stated, through accident, mistake or misfortune in the conduct of the trial was not presented." The motion was not based upon newly discovered evidence. The judge granted the motion and revoked the former decree on the ground that a further hearing was " necessary to allow a full and complete presentation of the case and to prevent a failure of justice."

It is well settled that after the entry of a final decree in a suit in equity, the case is finally disposed of, subject to the right of appeal. This established principle has been recognized in many decisions of this court. *Renwick* v. *Macomber*, 233 Mass. 530, 534. *Wright* v. *Macomber*, 239 Mass. 98. *Burgess* v. *Burgess*, 256 Mass. 99. *Fuller* v. *Fuller*, 261 Mass. 82. *Pepper* v. *Old Colony Trust Co.* 262 Mass. 570. *Sullivan* v. *Sullivan*, 266 Mass. 228. " It is in the interests of justice that, after a trial and final judgment in a case, the matters heard and adjudicated shall not be opened for a further hearing because of a supposed error in the determination of facts by the tribunal that heard the evidence." *Zeitlin* v. *Zeitlin*, 202 Mass. 205, 207. In *White* v. *Gove*, 183 Mass. 333, exceptions were filed to

the ruling of the judge, upon a petition to vacate the decree, that he had no power to vacate the decree and grant a rehearing.   It was said at page 340: "This ruling was founded upon the established principle that after the entry of a final decree in equity . . . the case is finally disposed of by the court, subject to such rights of appeal, if any, as the statute gives, and the court has no further power to deal with the case except upon a bill of review."

In the case at bar a final decree, and not a mere order for a decree, was entered.   See *White* v. *Gove, supra*; *Martell* v. *Dorey*, 235 Mass. 35, 39; *Conway* v. *Kenney, ante*, 19, 23; *Jamnback* v. *Aamunkoitto Temperance Society, Inc. ante*, 45, 50.   The final decree was not entered on default through negligence of counsel, as in *Sullivan* v. *Sullivan, supra*.   There was no fraud extrinsic to the issue raised inducing the court to assume jurisdiction.   *Sampson* v. *Sampson*, 223 Mass. 451, 462.   There was no error apparent on the face of the pleadings, and there was no new matter arising after the final decree was entered which could not have been presented at the hearing on the original petition.   *Clapp* v. *Thaxter*, 7 Gray, 384.   *Sullivan* v. *Sullivan, supra*.   The suppression or concealment of material facts does not change the rule.   *Renwick* v. *Macomber, supra*.   The fact that evidence existing at the time of the trial was not presented because of "accident, mistake or misfortune" is not a reason for the revocation of the decree.   *Clapp* v. *Thaxter*, 7 Gray, 384, 386.   See *Boston & Maine Railroad* v. *Greenfield*, 253 Mass. 391, 397.   As to a petition to vacate a judgment in an action at law see G. L. c. 250, § 15, and *Sterling's Case*, 233 Mass. 485, 488, *Thomajanian* v. *Odabshian*, 272 Mass. 19.

There is nothing in the cases cited by the petitioner in conflict with the well established rule of equity.   It may seem unfair to the petitioner that it should not have an opportunity to show at a second hearing that the testator was domiciled in this Commonwealth.   But it had this opportunity at the first hearing: it had its day in

court, it presented all the evidence it desired to present, the case was argued, and its failure to offer the evidence now relied on is not a sufficient reason for ignoring the rule.

The decree is reversed; a decree is to be entered dismissing the petition for a rehearing.

*Ordered accordingly.*