ELLEN A. LOVELL *vs.* JOHN S. LOVELL.

Middlesex.    April 9, 1931. — June 1, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court,* Jurisdiction; Decree: vacation.

A decree of a probate court allowing a petition to vacate a previous decree admitting a will to probate was erroneous where there was no evidence as to the merit of the grounds upon which the petitioner relied to contest the will, although the judge of probate found that the petitioner had been deprived of a hearing on the petition for proof of the will through no fault of his own but through accident or mistake.

In the circumstances above described, the decree vacating the previous decree was reversed and the case was remanded to the Probate Court for a further hearing upon the question, whether the petitioner had a meritorious ground upon which to contest the will.

PETITION, filed in the Probate Court for the county of Middlesex on May 2, 1930, and described in the opinion.

The petition was heard by *Campbell,* J. Material findings by the judge are stated in the opinion. By his order, a decree was entered allowing the petition. The respondent appealed.

*D. Burstein,* (*V. C. Brink* with him,) for the respondent.

*A. W. Wunderly,* for the petitioner.

RUGG, C.J. The petitioner is the widow of a decedent, who left an instrument purporting to be his last will. Previously to the return day of the petition for probate of that instrument as his last will, the widow consulted an attorney, who mailed in the regular way a letter properly addressed to the register of probate, containing her objection to the allowance of the will and his appearance as her attorney. On the same day he also communicated to the attorney for the petitioner for the probate of the will the fact that the widow was taking steps to contest that petition. The letter was never received by the register of probate. In due course a decree was entered allowing the instrument as the

last will of the deceased. Thereupon, the widow filed the present petition praying that that decree be set aside and that she be allowed to enter her appearance and to contest the allowance of the instrument as the last will of the deceased. The trial judge found that the petitioner did everything she could to protect her interest and that she had been deprived of a hearing through no fault of her own but through accident or mistake. This finding is supported by the subsidiary findings. It must be accepted as true.

The Probate Court had jurisdiction to entertain and deal with the petition notwithstanding the entry of a final decree allowing the instrument as the last will of the deceased. The facts disclosed on the record bring the case at bar within the exception to the general rule that, after a case is determined by the entry of a final decree, the power of the court over it is at an end. That exception is that where a final decree has been entered on default and the defendant has been deprived of an opportunity to make a defence on the merits, by accident or mistake or by the negligence of his attorney, the court has discretionary power to reopen the case in order to give opportunity for the presentation of such defence. *Sullivan* v. *Sullivan*, 266 Mass. 228, and cases cited. That exception, however, is coupled with the limitation that the discretion of the court ought not to be exercised unless it appears in some way that the defence is meritorious or substantial. *Day* v. *Allaire*, 4 Stew. (N. J.) 303, 315. *Millspaugh* v. *McBride*, 7 Paige, Ch. 509, 512. *Herbert* v. *Rowles*, 30 Md. 271, 278, 279. *Bailey* v. *Merchants' Ins. Co.* 110 Maine, 348, 352, 353. This limitation applies to proceedings for vacating judgments under G. L. c. 250, §§ 14–19. A petition to that end cannot rightly be granted unless it is made to appear that the party alleged to be aggrieved had a meritorious ground for rehearing on the merits. *Mellet* v. *Swan*, 269 Mass. 173. The practice of the full court is in accord with this principle in determining whether to allow late entries of appeals or exceptions under G. L. c. 211, § 11, and leave to appeal late under G. L. c. 215, § 15. In this connection a meritorious or substantial defence or cause means one which is worthy of judicial

inquiry because raising a question of law deserving some investigation and discussion or a real controversy as to essential facts arising from conflicting or doubtful evidence. *Niland* v. *Boston Elevated Railway*, 208 Mass. 476. *Boston* v. *Treasurer & Receiver General*, 237 Mass. 403, 415, and cases cited. *Fuller* v. *Sylvia*, 240 Mass. 49, 53. *Johnson* v. *Jenks*, 253 Mass. 25. *Johnson* v. *Talbot*, 255 Mass. 155.

It is stated in the report of the trial judge that no "evidence was introduced with regard to the reasons or grounds upon which the petitioner relied to contest the will." There is nothing to indicate that in any other way the merit of the proposed defence was presented to the trial judge. The decree was based on the ruling that on the facts found by the trial judge the petitioner was entitled to have the decree allowing the will vacated. That ruling was erroneous because for aught that appears the proposed contest may be unfounded and without genuine support in evidence. That ruling is not warranted by *Sullivan* v. *Sullivan*, 266 Mass. 228.

It follows that the decree must be reversed. The findings of fact already made may stand. There must be a hearing on the point whether the petitioner has a meritorious defence to the allowance of the will.

*Decree reversed.*