FANNIE MAKI *vs.* NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Plymouth. October 9, 1935. — January 27, 1936.

Present: RUGG, C.J., PIERCE, FIELD, LUMMUS, & QUA, JJ.

*Practice, Civil,* Vacation of judgment.

A judgment dismissing an action under Rule 85 of the Superior Court (1932), entered through mistake and without fault of the plaintiff, may be vacated on petition under G. L. (Ter. Ed.) c. 250, § 15, if there is evidence that the petitioner has a meritorious cause of action.

PETITION, filed in the Superior Court on July 17, 1934.

The petition was heard and allowed by *Collins,* J. The respondent alleged exceptions.

*P. F. Perkins,* for the respondent.

*J. Minkin,* for the petitioner.

RUGG, C.J. This is a petition under G. L. (Ter. Ed.) c. 250, § 15, to vacate a judgment entered against the petitioner under Rule 85 of the Superior Court (1932) for failure to prosecute her action against the respondent. After hearing, the trial judge found that the judgment was caused to be entered through the mistake or neglect of former counsel for the petitioner and not by reason of lack of diligence or fault of the petitioner. He further found that there was a controversy involving conflicting evidence and, being of opinion that justice required that the peti-

tioner be given an opportunity to have her cause of action fully tried on the merits, allowed the petition.

The respondent states that the single issue presented is whether there is any evidence that the defendant damaged the plaintiff by causing water to overflow her land and cranberry crops through the negligent construction or maintenance of its roadbed and culverts.

The granting of a petition of this nature rests largely but not exclusively in the sound judicial discretion of the trial judge. *Alpert* v. *Mercury Publishing Co.* 272 Mass. 43, 45. The petitioner is bound to show that she had a case of sufficient merit to engage the attention of the court. *Lovell* v. *Lovell*, 276 Mass. 10. *Manzi* v. *Carlson*, 278 Mass. 267, 273. *Mellet* v. *Swan*, 269 Mass. 173, 177.

There was evidence tending to show that land of the petitioner was overflowed to her damage, that when she first bought her·land there was no such overflowing, that at the time of an overflow her husband explored an embankment and culvert of the respondent about a quarter of a mile lower on a small stream and found that the culvert of the respondent was five or six feet under water and blocked with cinders similar to those lying on the sides and top of the embankment, that the water on the side of the embankment toward the land of the petitioner was eighteen inches higher than that on the other side, and that, on the reporting of the condition to the agents of the respondent, they caused a ditch to be dug which removed the overflow from the land of the petitioner. This evidence was enough to justify an inquiry into the merits of the case in order to ascertain whether the principles of law declared in *Bryant* v. *Bigelow Carpet Co.* 131 Mass. 491, 497–501, entitled the petitioner to relief. See also *Lawrence* v. *Fairhaven*, 5 Gray, 110.

It is not necessary to examine the requests for rulings in detail. There was no error in the denial of any of them. The trial judge appears to have followed correct principles in reaching his conclusion. *Hopkinton* v. *B. F. Sturtevant Co.* 285 Mass. 272, 277.

*Exceptions overruled.*