ANN G. LYE *vs.* EARL A. LYE.

Middlesex.    November 6, 1947. — December 8, 1947.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Marriage and Divorce,* Objections to decree absolute. *Probate Court,* Revocation of decree. *Evidence,* Competency.

At a hearing on a document containing both objections by the libellee to a decree nisi of divorce for cruel and abusive treatment becoming absolute and a petition that the decree be vacated and that the case be heard on its merits, based on the ground that the libel had been heard as an uncontested case and that the libellee had not had his day in court for want of notice of the assignment of the libel for hearing, where the judge had admitted testimony by the libellee to show that he had a meritorious defence to the libel in that he had not been guilty of cruel and abusive treatment of the libellant and that she had been guilty of such treatment of him, there was no error in the admission of testimony for the libellant to show the contrary; nor was there error in a decree overruling the objections and dismissing the petition or in the finding implied therefrom that the libellee did not have a meritorious defence.

LIBEL for divorce, filed in the Probate Court for the county of Middlesex on July 23, 1946.

Following a decree nisi, the libellee filed as one document objections to the decree nisi becoming absolute and a petition that such decree "be set aside and vacated and revoked and that the case be heard on its merits." There was a hearing by *Monahan,* J., who indorsed the document, "After hearing objections overruled and the within petition is hereby dismissed."

*F. C. Zacharer,* for the libellee.

*S. Abrams,* for the libellant.

DOLAN, J.    This is an appeal from a decree entered in the Probate Court overruling objections filed by the libellee

(Earl A. Lye) to the decree of divorce nisi awarded to the libellant, his wife, becoming absolute, and dismissing his petition to vacate that decree.

The evidence is reported. No report of material facts was made by the judge, none having been requested. Facts disclosed by the record may be summed up as follows: On December 6, 1946, the decree nisi in question was entered for the cause of cruel and abusive treatment. On March 17, 1947, the libellee filed objections to the decree nisi becoming absolute on the ground that he had not been notified by his attorney, or by anyone else, of the assignment of the libel for hearing on December 6, 1946, and did not know that it had been so assigned until after the libel had been heard as an uncontested case and the decree nisi had been entered thereon. The evidence discloses that, at the time of hearing of the objections by the judge, he received certain evidence for the purpose of determining whether the libellee had a meritorious defence. This evidence consisted in part of the testimony of the libellee tending to show that he had not been guilty of cruel and abusive treatment toward the libellant and that, on the contrary, she had been guilty of cruel and abusive treatment toward him. The libellant was called as a witness by her counsel and was asked whether the "actions" of the libellee caused her fear or mental disturbance. She replied, "Yes." Having been asked to state what those actions were, counsel for the libellee objected saying, "I don't think we should be trying the divorce case now." That objection was overruled by the judge, and the libellant was permitted to testify in detail as to incidents tending to show cruel and abusive treatment on the part of the libellee toward her. In the course of this testimony counsel for the libellee objected again saying, "We have a meritorious defence . . . but I did not understand [that] we were going to try the merits today." Thereafter counsel for the libellee objected again and again to the admission of testimony of the libellant concerning the libellee's conduct toward the libellant on various occasions. The testimony of a practical nurse who had worked for the libellant concerning the

latter's physical and mental condition during the last six or eight months the parties lived together was admitted over the objection of counsel for the libellee. This nurse had been a witness at the original hearing of the libel.

It thus appears that, at the hearing of the objections to the decree nisi becoming absolute, the libellee was afforded in substance full opportunity to have the libel heard anew on the merits, but declined to take advantage of it, insisting that the merits of the libel were not before the judge.

By G. L. (Ter. Ed.) c. 208, § 21, as amended by St. 1934, c. 181, § 1, it is provided in part as follows: "Decrees of divorce shall in the first instance be decrees nisi, and shall become absolute after the expiration of six months from the entry thereof, unless the court within said period, for sufficient cause, upon application of any party interested, otherwise orders." Rule 40 of the Probate Courts (1934) provides as follows: "At any time before the expiration of six months from the granting of a decree of divorce nisi, the libellee, or any other person interested, may file in the registry of probate a statement of objections to the decree becoming absolute, which shall set forth specifically the facts on which it is founded, and shall be verified by affidavit. Such decree shall not become absolute until such objections shall have been disposed of by the court." See also Rule 84 of the Superior Court (1932); *Brown* v. *Brown*, 207 Mass. 254; *Eldridge* v. *Eldridge*, 278 Mass. 309.

It is settled that where one in fact is deprived of an opportunity to make a defence on the merits, by accident or mistake or by the negligence of his attorney, the court has discretionary power to reopen the case for the purpose of giving him an opportunity to make such defence. *Sullivan* v. *Sullivan*, 266 Mass. 228, 229–230, and cases cited. It is also settled, however, that this exception to the general rule "is coupled with the limitation that the discretion of the court ought not to be exercised unless it appears in some way that the defence is meritorious or substantial," and that a "petition to that end cannot rightly be granted unless it is made to appear that the party alleged to be aggrieved had a meritorious ground for rehearing on the

merits." *Lovell* v. *Lovell*, 276 Mass. 10, 11–12, and cases cited.

In the present case the evidence heard by the judge bore almost wholly on the merits of the libel and was admitted by him for the purpose of determining whether the libellee had a meritorious or substantial defence. There was no error in its admission. The libellee was given his day in court. The finding of the judge, implied in his decree, that the libellee did not have a meritorious or substantial defence to the libel cannot be said rightly to have been unwarranted on the evidence. See *Levanosky* v. *Levanosky*, 311 Mass. 638, 640.

*Decree affirmed.*