JOSEPH P. ZANI *vs.* GLADYS E. ZANI.

Suffolk.    November 8, 1949. — December 23, 1949.

Present: QUA, C.J., LUMMUS, RONAN, & WILKINS, JJ.

*Probate Court*, Revocation of decree.  *Marriage and Divorce*, Revocation of decree.

No error appeared in a decree revoking a decree of divorce where it appeared that the libel was filed in this Commonwealth; that service was made by mail upon the wife libellee in Oklahoma; that thereupon she engaged counsel in Oklahoma to represent her; that such counsel was derelict in his duty toward her by reason of which she was deprived of her right to defend and was defaulted; that she learned of a decree nisi about eight months after it was entered and about a month later filed the petition for revocation; and that she had a meritorious defence to the libel.

LIBEL for divorce, filed in the Probate Court for the county of Suffolk on September 11, 1947.

Upon default of the libellee, a decree nisi was entered on January 16, 1948.

On September 29, 1948, the libellee filed a petition for revocation.    The petition was heard by *Dillon*, J., who entered a decree revoking the decree "entered on January 16, 1948, and the decree absolute" and ordering that the "libel stand for hearing."    The libellant appealed.

*G. E. Brophy*, for Joseph P. Zani.

*H. M. Lack*, for Gladys E. Zani.

LUMMUS, J.    On September 11, 1947, Joseph P. Zani filed in the Probate Court for the county of Suffolk a libel for divorce against his wife Gladys E. Zani, then living in Oklahoma.    He alleged that they were married in Oklahoma on June 5, 1943, and never lived together as husband and wife in this Commonwealth, but last lived together in Texas, and that he has lived in this Commonwealth for the last five years.    The cause for divorce alleged was desertion in Texas on November 12, 1943.    A decree nisi for divorce

was entered on January 16, 1948. It appeared that notice by registered mail was served on the wife in Oklahoma on September 26, 1947.

On September 29, 1948, Gladys E. Zani petitioned to have the decree of divorce revoked, on the ground that she retained an attorney in Oklahoma to contest the divorce libel, that the attorney failed to do so, and she was defaulted, a fact which she did not learn until August, 1948; and on the further ground that the Probate Court had no jurisdiction to grant a divorce. She alleged that she had a good defence to the libel. It appeared that the attorney in Oklahoma retained an attorney in Boston, who appeared, but who was unable to make a defence because the attorney in Oklahoma, though requested, neglected to answer letters or to furnish any evidence for the defence.

The Probate Court revoked the decree of divorce on January 5, 1949, and Joseph P. Zani appealed. The evidence is reported, and there is a report of material facts.

The judge found as follows: "I further find that the libellee upon receipt of notice of the pendency of the divorce libel in Massachusetts did all that she reasonably could be expected to do to protect her interest. Counsel engaged by her in Oklahoma was derelict in his duty toward his client, by reason of which she was deprived of her right to defend the libel in Massachusetts."

In *Sullivan* v. *Sullivan*, 266 Mass. 228, it was held that a decree that a petitioner was living apart from his wife for justifiable cause would be revoked, where the wife engaged counsel to defend her and the counsel negligently failed to enter an appearance for her, whereby she lost the right to defend. That decision, with other cases supporting it that need not be cited, governs the present case.

In *Lovell* v. *Lovell*, 276 Mass. 10, 11, the principle of *Sullivan* v. *Sullivan* is coupled with the limitation that the decree will not be revoked "unless it appears in some way that the defence is meritorious or substantial." This principle is well established. *Russell* v. *Foley*, 278 Mass. 145, 148. *St. Nicholas Russian Benefit Society, Inc.* v.

*Yaselko,* 279 Mass. 81, 85. *Maki* v. *New York, New Haven & Hartford Railroad,* 293 Mass. 223, 224. *Lye* v. *Lye,* 322 Mass. 155, 157–158. In the present case there was testimony from the wife, which could have been believed by the judge, that she furnished no cause for a decree of divorce.[1]

We think there was no error in the revocation of the divorce decree. We need not consider the contention of the wife that the court had no jurisdiction to grant a divorce.

*Decree affirmed.*