ALLAN B. GILMAN *vs.* FRANCES G. GILMAN.

Suffolk.    January 5, 1951. — March 6, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Probate Court*, Revocation of decree.    *Marriage and Divorce*, Revocation of decree, Support of child.

A decree of a Probate Court, dismissing a petition seeking revocation of a previous decree on the alleged ground that the petitioner through mistake had been deprived of an opportunity to present a meritorious defence in the matter in which the previous decree was entered, must be affirmed on an appeal with a report of the testimony but without a report of material facts where a finding, implicit in the decree, that there had been no such mistake was not plainly wrong on the testimony.

Under G. L. (Ter. Ed.) c. 208, § 28, the court in a divorce proceeding had power in appropriate circumstances to modify an earlier decree by vacating provisions thereof requiring the former husband to make payments for the support of a minor child of the parties and to be responsible for the child's medical and dental expenses.

An allegation by a petitioner'for modification of a decree in a divorce proceeding, that he had complied with previous orders, if false, would not be a ground for revocation of a decree in his favor entered on his petition.

LIBEL for divorce, filed in the Probate Court for the county of Suffolk on October 26, 1945.

A petition for revocation of a decree of December 14, 1948, filed by the libellee on June 24, 1949, was heard by *Dillon,* J.

*G. L. Rabb,* (*C. P. Huse, Jr.,* with him,) for Frances G. Gilman.

*S. L. Shulman,* for Allan B. Gilman.

WILKINS, J. On June 25, 1946, a decree nisi for divorce was entered on a libel filed by Allan B. Gilman against Frances G. Gilman, and custody of a minor son was awarded the libellee. On April 23, 1947, the decree was modified, and provision made that the father should have the child at stated hours on Saturday, should pay $15 weekly for the child's support, and should be responsible for the child's reasonable medical and dental expenses. Thereafter the parties mutually filed petitions for contempt of court. On March 3, 1948, two decrees were entered, one ordering the mother to "produce" the minor son at the father's house at ten o'clock on Saturday mornings, and the other adjudging the father in contempt for failure to make certain payments under the decree of April 23, 1947.

On May 17, 1948, the father filed a petition alleging failure by the mother to comply with that decree and alleging compliance on his own part. On August 31, 1948, the mother, an attorney at law, filed a special appearance pro se. On December 14, 1948, a decree was entered, in accordance with that petition, vacating so much of the decree of April 23, 1947, as provided for payments for the support of the child and for medical and dental expenses. The judge made a report of the material facts found by him. He found that the mother, although notified of the hearing, did not appear in objection to the petition; that she had consistently violated the order to allow the father to have custody of the

child at certain specified times; and that she had intentionally deprived the father of the society and comfort of the son, contrary to the court order.

On June 24, 1949, the mother filed the present petition to vacate the decree of December 14, 1948, and to obtain a rehearing. On October 25, 1949, a decree was entered dismissing the present petition, and the mother (hereinafter called the petitioner) appealed. The testimony is reported. There is no report of the material facts relating to this matter. Implicit in the decree of October 25, 1949, are findings of every essential fact, and these are not to be. reversed unless plainly wrong. *Buckingham* v. *Alden,* 315 Mass. 383, 385. *Jurewicz* v. *Jurewicz,* 317 Mass. 512, 513–514.

The present petition alleges that the petitioner did not attend and was not represented by counsel when the petition for modification was heard; that she had intended to contest that petition and believed that she had taken all necessary steps to protect her rights; that she obtained counsel for the purpose; that her counsel endeavored to obtain a continuance but did not learn of his failure until after the hearing on the petition for modification had taken place; and that "consequently, through inadvertence, mistake, or misunderstanding that the hearing on the petition would be postponed, your petitioner did not appear and was not represented at said hearing."

The petitioner seeks to bring herself within the principle that one deprived of an opportunity to make a defence on the merits, by accident or mistake or by the negligence of his attorney, may, if the defence is meritorious or substantial, invoke the discretionary power of the court to reopen the case. *Sullivan* v. *Sullivan,* 266 Mass. 228, 229–230. *Lovell* v. *Lovell,* 276 Mass. 10, 11–12. *Lye* v. *Lye,* 322 Mass. 155, 157–158. *Zani* v. *Zani,* 325 Mass. 134, 135–136. The probate judge, however, could find that there was no mistake or other circumstance entitling the petitioner to invoke this principle. He could adopt the testimony of the

attorney whom the petitioner contended she had obtained as counsel that he had agreed to represent her only on the contingency that he could get a continuance. The judge could also take into consideration the fact that the petitioner herself was a member of the bar, who had entered her own appearance pro se as early as August 31, 1948. That the appearance was special could not, when the parties remained within the Commonwealth, deprive the court of jurisdiction previously acquired. *Hersey* v. *Hersey,* 271 Mass. 545, 549. Besides, the entry of a special appearance without mention of any ground was the equivalent of a general appearance. *Wrinn* v. *Sellers,* 252 Mass. 423, 425. There was evidence that under date of November 12, 1948, the petitioner was notified by opposing counsel that the petition for modification would be heard on December 14, 1948. The judge further could have accepted the testimony of two assistant registers of probate that the petitioner had been told previous to the hearing that she would have to attend or be represented in court on the day set. The father's testimony that he saw the petitioner in the corridor outside the court room shortly before 10 A.M. on that day likewise could have been believed.

It is unnecessary, therefore, to consider the petitioner's exceptions to the exclusion of evidence, all of which seem to bear upon the issue whether she had been deprived of a meritorious defence to the petition for modification.

There is nothing in the contention that the probate judge lacked authority to modify the decree without hearing evidence. See *MacEachern* v. *S. S. White Dental Manuf. Co.* 304 Mass. 419, 421–422. In fact, we are not sure on the record whether the judge did or did not hear evidence.

The petitioner argues that the probate judge failed to comply with G. L. (Ter. Ed.) c. 208, § 28, authorizing the revision of a decree relating to the care, custody, and maintenance of minor children of divorced parents "as the circumstances of the parents and the benefit of the children may require." She relies upon *Hersey* v. *Hersey,* 271 Mass. 545, 555, and *Grandell* v. *Short,* 317 Mass. 605, 608. It is

true that the welfare of the child is paramount, and that proceedings like the present are not to discipline or reward either parent. But these considerations do not prevent the Probate Court from enforcing its decree that the father should see his child once a week. Nor does the statute deprive that court of all power to revoke a support order in the circumstances here disclosed. It will always be possible to raise the question whether the decree in its operation is detrimental to the welfare of the child.

The petitioner contends that in the petition for modification the father, who had been adjudged in contempt for failure to make payments, perpetrated a fraud on the court by making the false allegation that he had complied with the orders imposed upon him. It is not to be assumed that the judge was unaware of the earlier decree entered by him. In any event, this is not a ground for revocation of the decree. *Burgess* v. *Burgess,* 256 Mass. 99, 100–101. *McLaughlin* v. *Feerick,* 276 Mass. 180, 182–183. *Stephens* v. *Lampron,* 308 Mass. 50, 52–53.

*Decree affirmed.*