JOHN E. DORIS *vs.* STATE REALTY COMPANY OF BOSTON, INC.

Suffolk.   December 9, 1955. — January 4, 1956.

Present: QUA, C.J., WILKINS, SPALDING, & WHITTEMORE, JJ.

*Equity Pleading and Practice*, Decree.

After a final decree dismissing with prejudice the bill in a suit in equity had been entered at the request of the plaintiff's attorney, and with his written assent and waiver of rights of appeal, in order to prevent delay in the trial of other cases, the trial court had no power to vacate the decree on the ground that it had been "entered to the disadvantage of the plaintiff" or to enter a new decree dismissing the bill without prejudice.

BILL IN EQUITY, filed in the Superior Court on October 4, 1954.

Certain action described in the opinion was taken by *Goldberg*, J.

*Phillip Cowin*, for the defendant.

*Angus M. MacNeil*, for the plaintiff.

WHITTEMORE, J.   A final decree dismissing with prejudice the bill in equity in this case was entered in the Superior Court on October 19, 1954.   This was done at the request of the plaintiff's attorney and he, by written indorsement on the final decree, assented and waived rights of appeal. On October 20, at the request of the plaintiff's attorney, the judge of the Superior Court who had entered the decree of dismissal entered a decree vacating the prior decree, "it appearing that . . . [it] was entered to the disadvantage of the plaintiff," and ordered the suit to proceed to a hearing on the merits.   The defendant's motion to vacate the decree of October 20 was denied.   Thereafter the plaintiff's motion to discontinue without prejudice was allowed and on November 2, 1954, a final decree was entered dismissing the bill without prejudice.   The defendant's exceptions to the entry of the decree of October 20 vacating the final decree

dismissing the bill with prejudice and to the allowance of the motion of the plaintiff to discontinue without prejudice are duly presented here by the defendant's bill of exceptions. The defendant also appealed from the interlocutory decree of October 20, from the denial of its motion to vacate that decree, and from the final decree dismissing the bill without prejudice.

The Superior Court was without power to vacate the final decree of October 19 on the ground stated. "[T]he rule is well settled that after the entry of a final decree the case is disposed of subject to the right of appeal; and the decree cannot be vacated because of supposed errors in the court's decision, because of false testimony on any of the issues involved, or because the case of the petitioner was not properly presented." *Sullivan* v. *Sullivan*, 266 Mass. 228, 229, and cases cited. *Enterprises, Inc.* v. *Cardinale*, 331 Mass. 244, 246, and cases cited. The plaintiff did not bring himself within any of the established exceptions to the rule. *Sullivan* v. *Sullivan, supra,* 229. *Lovell* v. *Lovell*, 276 Mass. 10, 11. *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421.

The bill of exceptions shows that this case is one of six pending cases which concern the defendant's right to foreclose a mortgage given by MacNeil Bros. Company to Angus M. MacNeil and assigned by him to the defendant or which relate to the mortgaged property. The bill shows that counsel for the plaintiff here (Angus M. MacNeil) is "counsel for MacNeil Bros. Company," that that company is a party to each of the other five cases, and that the defendant here is a party in at least four of those cases, and that counsel for the defendant here is party to the fifth. The bill shows also that the plaintiff's attorney requested the dismissal of the bill of complaint with prejudice following a pre-trial conference in order to permit a prompt trial of two of the other five cases. The circumstances shown us are that the pleadings had not been completed in this case, and the judge had indicated that this case should be tried with the other two, if it remained pending, and that if dismissed

it must be with prejudice, the defendant having objected to dismissal otherwise. Also the judge had cautioned that consideration be given to the step by the attorney before taking it.

This is not a case where a party, because of his own or his attorney's negligence or mistake, has not had an opportunity to defend, nor is it a case of accident or mistake "analogous in principle" to such cases. See *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421, 424.

The decisions, the principles underlying them and a paramount interest in the certainty of the apparent end of litigation combine to show that a final decree may not be vacated because it is later determined that the move which led to it, made in court by the attorney in due course of the litigation, is later found to have been disadvantageous to the client.

> *Exceptions sustained.*
> *Final decree dismissing the bill of complaint without prejudice, and interlocutory decree vacating decree dismissing the bill with prejudice, vacated.*
> *Final decree dismissing the bill with prejudice affirmed.*