GEORGE W. WHITE *vs.* ROSE FERRARI WHITE.

Middlesex.    December 4, 1957. — March 5, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Probate Court*, Revocation of decree, Petition, Amendment, Annulment proceeding.  *Guardian*, Guardian ad litem.  *Marriage*, Annulment.

In a proceeding for annulment of the libellant's marriage to the libellee by reason of the libellee's insanity, in which the Probate Court appointed a member of the bar to act as guardian ad litem for the libellee and there was a decree of annulment, there was no error in sustaining a demurrer to a petition by the libellee through her brother as her next friend to revoke the decree where the petition merely alleged that neither the libellee nor her family had knowledge of the annulment proceeding, that the libellee could prove that there was no insanity at the time of the marriage, and that she had been deprived of that defence "either by mistake or accident." [116]

The allowance of a motion to amend a petition in a Probate Court after an order sustaining a demurrer thereto is within the discretion of the court. [117]

There was no abuse of discretion in an annulment of marriage proceeding in a Probate Court in denial of a motion to amend a petition by the libellee through her brother as her next friend for revocation of a decree annulling the marriage for insanity of the libellee so that the petition would allege that a guardian ad litem appointed for the libellee by the court did not enter an appearance or summon witnesses or make any defence, and that the libellee was deprived of an opportunity of presenting a meritorious defence of no insanity "through no fault [of] her own, by accident or mistake or by the inadvertence of the guardian . . . who did not defend so that the . . . decree of annulment was actually entered by default." [117]

PROCEEDINGS heard in the Probate Court for the county of Middlesex by *Leggat*, J.

*John F. Lombard*, (*Edward R. Lembo* with him,) for Rose Ferrari White.

*James B. Muldoon*, for George W. White.

WHITTEMORE, J.    The brother and next friend of an insane person (hereinafter called the ward) has appealed from the dismissal of his petition in the Probate Court to revoke

a decree of annulment of the ward's marriage and from the denial of his motion to amend that petition. The case is presented on the pleadings and orders thereon.

George W. White on June 30, 1954, filed a libel to annul his marriage to the ward in 1941 on the ground that the ward was insane at the time of marriage. On September 22, 1954, the probate judge appointed a member of the bar "to act as guardian ad litem or next friend for such person, to represent her interest in said case and to investigate and defend her in said case." See G. L. (Ter. Ed.) c. 208, §§ 15, 16; c. 207, § 14. On January 18, 1955, the guardian ad litem reported that "He has investigated the subject matter of the libel, has conferred with counsel for the libellant, with doctors who had occasion to treat the libellee, and has also procured records of the Westborough State Hospital, the Boston Psychopathic Hospital, and the Framingham Union Hospital relative to the libellee . . . [and that he] is of opinion that the libel should be set down for hearing and adjudication on the facts."

The decree annulling the marriage was entered on February 16, 1955. It recites, "Said . . . [ward] having had due notice of said petition, no objection being made, and a guardian ad litem having been appointed for said libellee and he having consented to act . . .." There is no recorded appearance for the libellee and no record of a hearing.

The original petition for revocation, filed October 6, 1955, asserted that neither the ward nor her family had knowledge of the proceedings; that the ward could prove that "there was no insanity existing at the time of said marriage"; and that "she has been deprived of such defence either by mistake or accident." A general demurrer to this petition was sustained on January 8, 1957. There was no appeal from the order sustaining the demurrer; but see G. L. (Ter. Ed.) c. 215, § 14; *Nochemson* v. *Aronson*, 279 Mass. 278, 280. On January 29, 1957, the petitioner filed a motion to amend the petition for revocation so that it would allege that the guardian's report was incomplete and inadequate, that the guardian did not enter an appear-

ance or summons witnesses or make any defence, and that the ward was deprived of an opportunity of presenting her meritorious defence "through no fault [of] her own, by accident or mistake or by the inadvertence of the guardian ad litem who was appointed by the court to fully represent her but who did not defend so that the said decree of annulment was actually entered by default." This motion was denied on February 7, 1957. The two docket entries for this date read, "Feb 7 Motion denied   Feb 7 Petition for revocation of decree of annulment dismissed after hearing." The original petition is indorsed "February 7, 1957. After hearing the within petition is hereby dismissed."

There was no error in sustaining the demurrer, denying the motion, and dismissing the petition.

The petitioner seeks to bring the case within the principle that if a party has been deprived of an opportunity to make a defence on the merits by accident or mistake or the negligence of his attorney, and shows, prospectively, a defence worthy of a hearing, the court may exercise discretion to vacate the decree. *Sullivan* v. *Sullivan*, 266 Mass. 228. *Lovell* v. *Lovell*, 276 Mass. 10. *Zani* v. *Zani*, 325 Mass. 134. See *Hyde Park Savings Bank* v. *Davankoskas*, 298 Mass. 421, 422; *Lye* v. *Lye*, 322 Mass. 155; *Gilman* v. *Gilman*, 327 Mass. 143.

The unamended petition does not set out a case within the principle. The guardian ad litem was acting for the ward to determine in her stead what should be done in her interest in respect of the libel. See *Hillson* v. *Hillson*, 263 Mass. 143, 145; *Pratt* v. *Bates*, 161 Mass. 315, 319; *Mitchell* v. *Mitchell*, 312 Mass. 165, 169. His representation of her was necessarily more than an attorney's representation. For purposes of the libel for annulment, his decision was her decision. The only mistake or accident relevant to a failure to present a defence to the annulment proceedings would have been that of the guardian or an attorney whom he had asked to appear for him. The unamended petition does not allege such a mistake. It was vague in this essential aspect and did not set out with reasonable certainty a case for

revocation of the decree. *Pollock* v. *New England Telephone & Telegraph Co.* 289 Mass. 255, 258. *First Portland National Bank* v. *Taylor,* 323 Mass. 492, 495.

The allowance of a motion to amend after an order sustaining a demurrer is within the discretion of the court. There is nothing before us except the record and the pleadings, and there is no basis for ruling that there was error in the denial of the motion. *Brooks* v. *Gregory,* 285 Mass. 197. See *Abbott* v. *Bean,* 285 Mass. 474, 478–479. Compare *McDade* v. *Moynihan,* 330 Mass. 437, 445. In passing, however, we may note that the proposed amendment suggests some of the relevant considerations which reasonably could have led to the conclusion that the motion ought to be denied. In the circumstance that it was not the guardian ad litem who was seeking the extraordinary remedy of revocation, the averment of the proposed petition has dubious standing as an allegation that the guardian was prepared to assert or would testify that he or anyone acting for him had acted otherwise than as he thought wise and proper. There was no obligation on the guardian to contest the annulment proceeding. *Hillson* v. *Hillson,* 263 Mass. 143, 145. The fair implication of his report and of the fact that he did not contest is that he did not think in the ward's interest a contest was warranted. The decision of the guardian as to how he should carry out his duties could not be attacked by a petition to revoke the decree. Compare *Gray* v. *Parke,* 155 Mass. 433. Bad judgment in respect of presenting a defence is not a basis for revocation. *Doris* v. *State Realty Co. of Boston, Inc.* 333 Mass. 425, 427. There was no appeal from the decree of annulment.

It is not necessary to decide whether the brother as a voluntary "next friend" has any standing in proceedings in which there is a court appointed representative expressly named as "guardian ad litem or next friend." See *Penniman* v. *French,* 2 Mass. 140; *Lawless* v. *Reagan,* 128 Mass. 592, 594; *Delaney* v. *Cook,* 256 Mass. 203; *Hillson* v. *Hillson,* 263 Mass. 143, 144; *Hirshson* v. *Gormley,* 323 Mass. 504, 506–507. Compare *Butler* v. *Winchester Home for Aged*

*Women,* 216 Mass. 567; *Gray* v. *Parke,* 155 Mass. 433, 435. That the function of a "guardian ad litem," as implied by the decree which appointed the guardian in this case, may be like that of "next friend" has statutory recognition. See G. L. (Ter. Ed.) c. 201, § 34 ("may . . . appoint a suitable person to appear and act therein as guardian ad litem or next friend . . .").

No error being shown in the proceedings in respect of the petition to revoke, the entry must be

> *Orders . denying motion to amend and dismissing petition to revoke affirmed. Costs and expenses of this appeal to be awarded in the discretion of the Probate Court.*