BERNICE IDORA MCFATRIDGE *vs.* CHARLES EDWARD MCFATRIDGE. February 1, 1963. Decree dismissing petition for revocation affirmed with costs. The judge correctly dismissed McFatridge's petition to revoke on the ground of want of jurisdiction the divorce granted to his wife in this Commonwealth where they had been married in 1952. In the original pro-

---

[1] In the writ in the earlier case this defendant was described as Tedeschi's Super Market, Inc.

ceeding McFatridge had raised the issue of want of jurisdiction in his answer, but made no attempt to contradict or rebut the testimony of his wife (the only witness on the issue) which, if believed, was sufficient to establish the jurisdictional requirements. He was present with counsel at the trial. They both openly engaged in colloquies with the judge relative to provisions in the decree for visits by and to the child. McFatridge did not request a report of material facts nor did he appeal from the decree. In consequence the decree implicitly imports the finding of all facts essential to support it. *Gilman* v. *Gilman,* 327 Mass. 143, 145. The general rule as to the finality of the disposition of a case upon the entry of a final decree applies. *Doris* v. *State Realty Co. of Boston, Inc.* 333 Mass. 425, 426, and cases cited. The recognized exceptions to the rule, noted in *Sampson* v. *Sampson,* 223 Mass. 451, 462, *Sullivan* v. *Sullivan,* 266 Mass. 228, 229, *McLaughlin* v. *Feerick,* 276 Mass. 180, 182–183, and *White* v. *White,* 337 Mass. 114, 116, and cases cited, do not pertain. McFatridge has had his day in court and, in the circumstances disclosed, is not entitled to another. *Stephens* v. *Lampron,* 308 Mass. 50, 52–53.

*John F. Lombard* for the libellee.

*Henry A. Tempone* (*John R. Campbell* with him) for the libellant.