WALTER J. HURD *vs.* CHARLOTTE R. HURD. May 6, 1970. The libellee appeals from a decree by the Probate Court dismissing her petition to revoke a decree nisi granting a divorce to the libellant on grounds of cruel and abusive treatment. There was no appeal from the decree nisi. The probate judge filed a report of material facts dealing with the petition to revoke the decree in which he stated that there was failure to comply with Probate Rule 45 (1959) in that a statement of objections to the decree becoming absolute did not specifically set out the facts on which the statement was founded, and such facts as were set forth were not set forth by affidavit. He appears to have arrived at correct conclusions. Without further discussion of the judge's report, it suffices to say that in addition there is sufficient before us (inclusive of the transcript of evidence of the hearing on the libel for divorce, together with a petition for separate support and an equity petition filed by the libellee, also on for hearing before the court at that time) to indicate that the court had jurisdiction of the libel. G. L. c. 208, § 5. There was evidence which, if believed, was sufficient to establish the jurisdictional requirements. The libellee made no attempt to contradict the libellant's testimony as to his residence. See *McFatridge* v. *McFatridge,* 345 Mass. 768, 769, and cases cited. There was evidence of cruel and abusive treatment sufficient to sustain the judge's findings. *Reed* v. *Reed,* 340 Mass. 321, 323. There is no evidence to indicate that the libellee's petition to revoke is meritorious or substantial. *Lye* v. *Lye,* 322 Mass. 155.

*Decree affirmed.*

*William P. Homans, Jr.* (*Thomas G. Shapiro* with him) for the libellee.
*Edward O. Proctor* (*Edward O. Proctor, Jr.,* with him) for the libellant.