JULIETTE M. RUQUIST *vs.* RICHARD D. RUQUIST.

Essex.   February 7, 1975. — May 6, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, & WILKINS, JJ.

*Divorce*, Modification of decree, Separation agreement.

Where a separation agreement provided that the wife should have custody of the minor children and the husband should have visitation rights and pay a monthly sum as alimony and a monthly sum for the children's support, and the agreement was filed in the Probate Court supplementary to a divorce decree, and it appeared upon a petition by the husband for modification of the decree that about two years thereafter the wife, without the permission required by G. L. c. 208, § 30, took the children to the

---

Virgin Islands to live and engaged in business there and planned to marry in the near future, and that the husband's income had increased, the judge correctly considered the children's welfare the primary consideration and properly relied on a provision in the separation agreement that if the wife remarried the alimony payments should cease and the amount thereof should be paid to a trust for the "education and welfare" of the children, and this court affirmed a decree ordering such cessation and payment to the trust, ordering continuation of the monthly payments to the children, and allowing the husband an annual sum for travel expenses for visits with them. [663-667]

PETITION for modification of a divorce decree filed in the Probate Court for the county of Essex on September 10, 1973.

The case was heard by *Perera, J.*

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Richard E. Blumsack* (*Allan Robinson* with him) for the petitioner.

*Carl K. King* for the respondent.

HENNESSEY, J.    This is an appeal by the husband from a decree entered by a Probate Court judge modifying the provisions of a support agreement with respect to payments for the wife and the children as previously included in a decree of divorce.   The evidence is not reported.   The judge filed a report of material facts.

We summarize the judge's findings of facts.   Richard D. Ruquist (the husband) filed a petition to modify the alimony and support provisions of a decree nisi for divorce entered in the Probate Court for Essex County on August 5, 1971.   A decree of modification was entered by the court on May 8, 1974.   By the terms of the August 5, 1971, decree, the husband was ordered to pay $200 a month as alimony for the support of his former wife, Juliette M. Ruquist (the wife), and $200 a month for the support of his minor children, Sherry Ann and Eric, then aged nine and seven, respectively.   The decree further

provided that the wife was to have custody of the minor children and that the husband was to have reasonable rights to visit with his two minor children.

Supplementary to the decree, there was filed with the court a separation agreement, duly executed, dated December 29, 1970, which set forth with great specificity the detailed rights and obligations of the parties in connection with alimony, support, and custody. Visitation rights were only dealt with in the briefest form in the decree. The separation agreement was offered in evidence during the probate hearing for modification.

Following entry of the decree nisi, and until July 1, 1973, the husband and the wife continued to live in reasonably close proximity to one another in Massachusetts.

The husband during this period regularly saw his children at least once a week, and otherwise showed parental interest and concern. The husband's income has increased from $21,000 to $23,000 a year since the divorce.

On October 5, 1971, the husband was remarried, and he and his new wife have a baby daughter. On July 1, 1973, his former wife, together with her two minor children, left the Commonwealth and went to the Virgin Islands, accompanied by a male friend of hers. The wife, prior to her departure, did not obtain permission of the court as required by G. L. c. 208, § 30. The wife and her children now reside in an apartment building in St. Thomas, U. S. Virgin Islands, where they have lived since their arrival there in September, 1973. The minor children are in school. The wife is engaged in a business venture with her male friend — the owner of the vessel on which she and her children traveled to St. Thomas — whereby she and her friend charter the vessel to parties for cruising, swimming, and snorkeling. The wife has no equity in the boat. Profits (if any) are shared equally with her friend. The husband has not seen his children since July, 1973.

Although the husband had been generally informed by the wife as to the trip to the Virgin Islands, some months before the trip occurred, he was not informed that the move was to be a permanent one, and he did not consent to the permanent removal of his children from the Commonwealth.

In the course of conversations between the parties, the wife indicated that she was interested in remarriage at some future date when her friend could obtain a divorce from his current wife. At the time of the hearing on the petition for modification, the wife testified that she was planning to remarry in the near future, perhaps before the first of June, 1974. The wife did not give the husband any forwarding address when she left on July 1, 1973. The only contact between the wife and the husband has been through their respective attorneys. The husband has not made any payments to the wife for alimony or support since July 1, 1973.

Under the terms of the separation agreement filed with the court and received in evidence, on which the decree of the court was based, it is provided, in substance, that, on her remarriage, alimony for the wife is to cease and the husband is to pay, in addition to the $200 a month for the support of his children, $200 a month into a trust fund for the "education and welfare" of the minor children on terms set forth in paragraph seven of the agreement.

In the decree for modification, the judge invoked the provision for remarriage of the wife. The effect of his further orders was that no further alimony was to be paid to the wife; that the $200 monthly payments for the support of the children were to continue; that $200 a month was to be paid into a trust fund for the "education and welfare" of the children; arrearages will be paid as to both support and trust fund payments, as computed from July 1, 1973; and that from this total sum of $4,800 a year the husband was entitled to deduct $400 annually as travel expenses for visits with the children.

The judge's conclusions included an assertion that he had, in arriving at his decision, considered the fact that the husband's financial condition had improved since the divorce, and that the modification treated the changed circumstances precisely as provided for in the separation agreement in the event of a remarriage of the wife.

Since this case is before us solely on the judge's reported findings, the evidence not having been reported, the issue before us is whether the facts found by the judge, together with the reasonable inferences therefrom, support the judge's decision. *Briggs* v. *Briggs*, 319 Mass. 149, 150 (1946). We consider, in short, whether the judge's conclusions were plainly wrong, on the facts as found by him. We conclude that they were not plainly wrong and that the decree should be affirmed.

Clearly it was shown, as required, that circumstances had changed sufficiently since the divorce decree was entered so as to authorize the modification of the original decree. See G. L. c. 208, § 37; *Robbins* v. *Robbins*, 343 Mass. 247, 249 (1961). The wife's conduct in frustrating the provisions in the divorce decree for visitation rights of the husband, and her violation of the statute (G. L. c. 208, § 30) in that regard, did not, without more, require the judge to come to conclusions different from those reached by him. *Hersey* v. *Hersey*, 271 Mass. 545, 554-556 (1930). The judge presumably, and correctly, considered the welfare of the children to be of primary consideration. "It will always be possible to raise the question whether the decree or its operation is detrimental to the welfare of the child." *Gilman* v. *Gilman*, 327 Mass. 143, 147 (1951).

It is not controlling that on these facts the judge might well have been warranted in reaching different conclusions, or even that this court might have decided the case differently in the first instance. The judge could properly rely on the separation agreement, in modifying the original decree. Cf. *Kates* v. *Kates*, 347 Mass. 783 (1964). This is not a case wherein the divorce decree

made the support payments specifically contingent on continued cooperation of the wife in permitting visits of the husband with the children. See *Gilman* v. *Gilman,* 327 Mass. 143 (1951); *Dunne* v. *Amerigian,* 354 Mass. 368 (1968). Nor is it a case to discipline the wife for her shortcomings, if any. Neither is it a proceeding to reward the husband for any wrong which he may have suffered. *Hersey* v. *Hersey,* 271 Mass. 545, 555 (1930). Considering the case from the primary interest, welfare of the children, the judge's findings support the decree.

*Decree affirmed.*