ARNOLD W. OLSSON vs. CHRISTINE D. WAITE.

Worcester.    November 12, 1976. — February 9, 1977.

Present: KEVILLE, GOODMAN, & ARMSTRONG, JJ.

*Probate Court,* Revocation of decree.   *Will,* Allowance.

A probate judge erred in vacating a decree on a finding that available
    evidence had not been introduced at trial. [94-95]
On consolidated appeals by the proponent of a will from a decree
    disallowing it and by the contestant from a subsequent order vacat-
    ing the decree, this court denied a request by the proponent, who
    argued only issues raised by the contestant's appeal, that he be
    permitted to file another brief arguing his own appeal. [95]

PETITION filed in the Probate Court for the county of
Worcester on June 8, 1972.

The case was heard by *Wahlstrom, J.*

*John A. Romano (Carole A. Romano* with him) for the
contestant.

*Charles B. Swartwood, III,* for the proponent.

ARMSTRONG, J.   By a decree entered on October 17,
1972, the trial judge disallowed for probate a signed copy
of a will executed by Ann Francis, finding that the origi-
nal of the will had been destroyed by her with the inten-
tion of revoking it. Mr. Olsson, the proponent and sole
beneficiary named in the will, appealed. On November 16,
1972, he filed a motion to vacate the decree of October 17.
At a hearing on that motion, evidence was introduced
from which the judge might have found (and presumably
did find) that there was substantial evidence bearing on
the issues litigated at the trial which had not been pre-
sented at that time due to the inability of the proponent
to attend the second day of the trial and due to the neglect
or inadvertence of his attorney in failing to request a con-
tinuance, which the judge (who had previously denied

the same request) said he would have granted. By a decree dated December 1, 1972, the judge purported to vacate the October 17 decree, and by another decree dated December 18, 1972, denied a motion by the contestant, Waite, the sole heir at law of the decedent, for revocation of the December 1 decree.

We consider first the appeals of the contestant from the decrees of December 1 and December 18. It is not critical that the judge was forced to resign by the passage of art. 98 of the Amendments to the Constitution of the Commonwealth before having prepared the report of material facts which the contestant had requested. Cf. *Naughton* v. *First Nat'l Bank,* 4 Mass. App. Ct. 624, 626, 628-629 (1976). The evidence is reported, and it is clear that the testimony and affidavits offered by the proponent furnished no basis for the judge to have revoked the decree of October 17. An established principle of our procedure before the adoption of the Massachusetts Rules of Civil Procedure and related rules was that after the entry of a final decree or judgment a case was finally disposed of subject to such rights of appeal as the law afforded, and the court which entered the decree or judgment had no further power to deal with the case except upon a bill or writ of review, *White* v. *Gove,* 183 Mass. 333, 340 (1903); *Zeitlin* v. *Zeitlin,* 202 Mass. 205, 207 (1909); *Martell* v. *Dorey,* 235 Mass. 35, 39, 40 (1920); *Morgan* v. *Steele,* 242 Mass. 217, 218 (1922); *Kingsley* v. *Fall River,* 280 Mass. 395, 398 (1932); *Waitt* v. *Harvey,* 312 Mass. 384 (1942), or a petition (in a Probate Court) in the nature of a bill of review. *Kennedy* v. *Simmons,* 308 Mass. 431, 433 (1941). Exceptions to that general principle are discussed in *O'Brien* v. *Dwight,* 363 Mass. 256, 285-288 (1973). See also *Webb* v. *Cohen,* 280 Mass. 292 (1932), relative to correction of clerical errors. The instant case does not fall within the purview of a bill of review (see *Brooks* v. *National Shawmut Bank,* 323 Mass. 677, 684 (1949), nor within any of the exceptions to the general rule. Rather, it falls within a settled application of the general rule, that "a decree cannot be vacated ... because the case of the

petitioner was not properly presented." *Sullivan* v. *Sullivan,* 266 Mass. 228, 229 (1929). "The fact that evidence existing at the time of trial was not presented because of 'accident, mistake or misfortune' is not a reason for the revocation of the decree." *Holyoke Nat'l Bank* v. *Dulitzky,* 273 Mass. 125, 127 (1930), and cases cited. "To justify revocation of decrees it is not enough to show that available evidence was not offered [or] that material contentions were not properly presented. . . ." *Reynolds* v. *Remick,* 333 Mass. 1, 9 (1955). "The decree refusing to admit the will to probate was a final decree, and the . . . Probate Court was not authorized to set [it] aside . . . because the petitioner had failed to introduce available evidence. . . ." *Kennedy* v. *Simmons,* 308 Mass. at 433. See also *Doris* v. *State Realty Co. of Boston, Inc.* 333 Mass. 425, 427 (1956); *White* v. *White,* 337 Mass. 114 (1958). It follows that the decree of December 1, 1972, must be reversed; and for that reason it will not be necessary for us to deal with the contestant's appeal from the decree of December 18, 1972, refusing revocation of the December 1 decree.

The proponent's appeal from the October 17 decree disallowing the will has not been argued by him. Rather, his brief and argument in this court are confined to those issues raised by the petition for revocation. Such a failure is normally fatal. See Mass.R.A.P. 16(a)(4), as amended effective February 24, 1975, 367 Mass. 919.

We have considered the proponent's unusual request that he be permitted, in the event we should reach the conclusion we have in fact reached on the contestant's appeals, to file another brief arguing his own appeal. It is most unlikely that we should have allowed such a request in any event, but in this case it is not even made to appear that the appeal presents a meritorious issue. It is plain that the decree is adequately supported by the judge's findings, particularly those concerning the decedent's revocation of the will by destroying it, and that the crucial findings are supported by evidence to which the proponent took no exception. The request is denied.

The decree of October 17, 1972, disallowing the will, is

affirmed. The decree of December 1, 1972, revoking the previous decree, is reversed. The appeal from the decree of December 18, 1972, denying revocation of the December 1 decree, is treated as waived and is dismissed.

*So ordered.*