AGNES M. CLUNE *vs.* WILLIAM I. NORTON, trustee, & others.

Suffolk.     May 8, 1940. — June 25, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Trust,* Trustee's powers.

A deed of real estate in trust for the benefit of the settlor for life and upon his death for that of his children in such manner as the trustee in his discretion might determine, with power in the trustee to sell or mortgage the real estate and to hold the proceeds "upon the same trusts," and without reservation to the settlor of power to revoke or modify the trust, gave the trustee no authority to convey the real estate to the settlor without consideration.

Petition in equity, filed in the Land Court on October 26, 1938.

The petition was brought by one of the children of John S. and Mary E. Norton against the other children, William I. Norton, John F. Norton, Alice L. Walsh, and Cecilia G. Sharkey, and against William I. Norton as trustee and as executor of the will of John S. Norton.

The case was heard by *Fenton*, J.

*J. F. Daly*, for the respondents William I. Norton individually and as trustee and executor, Alice L. Walsh, and Cecilia G. Sharkey.

*B. J. Killion & J. F. Connolly*, for the petitioner, submitted a brief.

Dolan, J.   This is a suit in equity in which the petitioner seeks to have declared "null and void and of no force and effect" an unrecorded deed of certain real estate, executed by the respondent William I. Norton, as trustee under a deed of trust.   After hearing, the judge of the Land Court filed "Findings, Rulings, and Order for Decree" in which he ordered that a final decree be entered that the unrecorded deed in question is invalid and of no force and effect, and that the grantee named therein "had no title which he could devise under his will."   A final decree was entered from which the respondents appealed.

The material facts found by the judge are these: On May 24, 1913, John S. Norton and Mary E. Norton, his wife, both of whom are now deceased, conveyed the real estate involved to the respondent William I. Norton under a deed of trust which provided that "during . . . [their] lives . . . [he was] to pay over to them the net rents and profits thereof or at their election to allow them to occupy and enjoy the said estates, they pay [*sic*] the taxes and all necessary charges and expenses and at the death of said John S. Norton and Mary E. Norton [the trustee was] to hold the . . . premises in trust for the use and benefit of all of the present children of . . . [them] in such a manner as the said . . . [trustee] in his absolute and uncontrolled discretion may determine . . . ."   It was further provided in the deed of trust that his exercise of this dis-

cretion should "not be objected to or questioned upon any ground whatsoever." The trustee was given power to sell and convey the premises "at public auction or by private contract," or from time to time to mortgage the same, the proceeds of any such sale or mortgage to be held upon the same trusts, and to the same uses hereinbefore set forth.

The settlor Mary E. Norton died on June 13, 1922. The respondent trustee, purporting to act under the powers conferred upon him by the deed of trust, conveyed the premises in question on October 23, 1935, to John S. Norton, the surviving settlor. The deed was delivered to said John S. Norton, but has never been recorded. No money was received by the trustee as consideration for the deed.

John S. Norton died on September 14, 1937, and by clause 1 of his will he devised the premises involved to one of the respondents, Alice L. Walsh. Within a month after the death of his father, John S. Norton, the trustee called on his sister, the petitioner, a surviving child of the settlors, read the will of "the father" to her and told her then about the unrecorded deed. The respondents are also surviving children of the settlors of the trust. The trust deed contains no power of revocation or modification. The trustee made the conveyance to his father, one of the settlors of the trust, because the latter asked for it, and he (the trustee) thought he could give it back to him "because of the power to sell and the uncontrolled discretionary power in the trust."

It is settled in this Commonwealth "that a voluntary trust completely established, with no power of revocation reserved, cannot be revoked or set aside at the will of the person by whom and with whose property it was set on foot," *Lovett* v. *Farnham*, 169 Mass. 1, 2–3, ". . . without proof of mental unsoundness, mistake, fraud or undue influence." *Sands* v. *Old Colony Trust Co.* 195 Mass. 575, 577, and cases cited. See also *Hildreth* v. *Eliot*, 8 Pick. 293, 296; *Thorp* v. *Lund*, 227 Mass. 474, 476; *Coolidge* v. *Loring*, 235 Mass. 220, 223; *James* v. *James*, 260 Mass. 19, 21; *Leonard* v. *Wheeler*, 261 Mass. 130, 133. Am. Law Inst. Restatement: Trusts, §§ 330, 331, 332, 333. 3 Scott,

Trusts, §§ 330, 331, 332, 333 (1), (2), (3), (4), (5), (6), (7).

In the present case, while the trustee was given a broad power of sale or mortgage, still the proceeds of any sale or mortgage were to be held by him "upon the . . . [same] trusts and to the same uses" set forth in the trust deed. These provisions conferred no authority upon the trustee to give the trust estate away. *Lovett* v. *Farnham*, 169 Mass. 1, 6. *Merchants Trust Co.* v. *Russell*, 260 Mass. 162, 164. The only "absolute and uncontrolled discretion" conferred upon the trustee in connection with the trust was that to be exercised by him upon the death of the settlors.

It follows that, as decreed by the judge, the unrecorded deed of the property in question "is invalid and of no force and effect" and that the grantee named therein "had no title [thereunder] which he could devise under his will."

*Decree affirmed, with costs.*