Wilde *v.* Wilde.

———

JOHN R. WILDE *vs.* LAURA M. WILDE
(and two companion cases[1]).

Norfolk.   January 3, 1966. — March 4, 1966.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & REARDON, JJ.

*Husband and Wife,* Separate support.   *Probate Court,* Decree, Appeal.

A decree of a Probate Court entered in accordance with findings not shown to be plainly wrong on conflicting oral evidence must be affirmed. [334]

In a proceeding for separate support, no abuse of discretion appeared in an allowance to the wife for herself and a minor daughter of a certain sum weekly and also various specific expenses.   [334–335]

A "corrected" decree of a Probate Court in favor of a petitioner, entered after entry, through inadvertence, of a decree dismissing his petition, must be expunged, and an appeal by the respondent from the "corrected" decree must also be expunged.   [335]

On appeal by a husband from a decree of a Probate Court dismissing a petition by him against his wife involving certain property, which decree was inconsistent with a decree, not appealed by the wife, dismissing a petition by her against the husband involving some of the same property, the decree on the husband's petition was ordered to be vacated and a new decree entered thereon based on facts found by the judge and not inconsistent with the unappealed decree on the wife's petition.   [335]

LIBEL for divorce filed in the Probate Court for the county of Norfolk on November 22, 1963.

PETITION IN EQUITY filed in that court on January 16, 1964.

———

[1] The companion cases are Laura M. Wilde *vs.* John R. Wilde and John R. Wilde *vs.* Laura M. Wilde.

PETITION for separate support filed in that court on April 16, 1964..

The cases were heard by *Hickey, J.*

*John F. Lombard* for John R. Wilde.

*Richard D. Leggat* for Laura M. Wilde.

KIRK, J. A libel for divorce and three petitions were filed in the Probate Court involving the marital relation, and incidents thereto, of John and Laura Wilde, husband and wife. Decrees were entered on the libel and on the petitions. John has appealed three of the four decrees all of which were entered on July 6, 1964. There is no appeal by Laura from any of these decrees. On November 22, 1963, John filed a libel for divorce against Laura for cruel and abusive treatment. On December 13, 1963, Laura sought an order to restrain John from dealing with bank accounts and securities held in their names jointly and to have him account for and deliver to her fifty per cent of all such holdings. On January 16, 1964, John brought a petition in equity to determine title to personal property, including household furnishings and the jointly held securities and bank accounts. Finally, on April 16, 1964, Laura petitioned for separate support, alleging that she was living apart from John for justifiable cause.

The judge dismissed John's libel for divorce. John appealed. The evidence is reported. It was oral and conflicting. The judge made a report of material facts. He apparently believed one spouse rather than the other. We cannot say that he was plainly wrong. *Hiller* v. *Hiller,* 305 Mass. 163, 165. *Hamilton* v. *Hamilton,* 325 Mass. 278, 279, and cases cited.

On Laura's petition for separate support, the evidence is reported. The judge made findings of fact. He allowed Laura $100 a week for herself and her minor daughter, along with all medical, dental, hospital, fuel, mortgage and real property tax expenses. This determination rests in the judge's discretion as exercised in light of all the circumstances attending the husband's worth and the wife's legitimate needs. *Wilson* v. *Wilson,* 329 Mass. 208, 211.

We cannot say that he was plainly wrong in the exercise of his discretion. *Klar* v. *Klar,* 322 Mass. 59, 60. Compare *Hillery* v. *Hillery,* 342 Mass. 371.

John has appealed from the decree dismissing his petition for a determination of his ownership of bank accounts, securities and household furnishings. This decree, on its face, is inconsistent with the unappealed dismissal of Laura's equity petition against John in so far as both petitions affected jointly held bank accounts and securities. Our examination of the original papers shows that John's petition was dismissed through inadvertence, that a so called "corrected" decree, determining that John had title to the bank accounts and securities, was entered subsequent to the filing of papers on appeal in this court, and that Laura claimed an appeal from this "corrected" decree.

The orderly administration of justice requires that the following action be taken. The "corrected" decree entered by the judge on John's petition is to be expunged. *Enterprises, Inc.* v. *Cardinale,* 331 Mass. 244, 246. Laura's claim of appeal from the "corrected" decree should therefore also be expunged. The decree dismissing John's petition in equity is to be vacated. The judge is to enter a new final decree based on the facts found by him and not inconsistent with the decree on Laura's petition in equity.

The decrees dismissing the libel for divorce and allowing separate support are affirmed. The case is remanded to the Probate Court for further action by the judge on John's petition in equity as indicated by this opinion.

*So ordered.*