LAURA M. WILDE *vs.* JOHN R. WILDE. November 3, 1967. Wilde has appealed from a decree modifying an order for support, mentioned in *Wilde* v. *Wilde*, 350 Mass. 333, in a manner which appears generally to be advantageous to him, in that, although it increases from $100 to $125 a week support payments for his wife and minor daughter, it omits provisions for payments in connection with a house. We conclude, after examination of the 129 page printed record, including the transcript of testimony, that there was basis in the evidence for the trial judge's conclusions concerning support allowances, counsel fees, and costs. This is a frivolous appeal.

*Decree affirmed.*

*The wife is to have double costs of this appeal.*

*John F. Lombard* for John R. Wilde.

*Richard D. Leggat* for Laura M. Wilde.

---

FRANK A. MANHA, administrator, & others *vs.* THE FIRST SAFE DEPOSIT NATIONAL BANK OF NEW BEDFORD & others. November 3, 1967. These are appeals from a final decree declaring void an indenture of trust executed on January 12, 1963, by the late Narcizo J. and Mary A. Bettencourt, husband and wife; a deed of real estate executed by the Bettencourts on the same date was likewise declared void. The decree further provided that the property held by The First Safe Deposit National Bank of New Bedford under the indenture and deed is the property of Mary A. Bettencourt (who survived her husband and was the sole beneficiary under his will) and should be delivered by the bank to the administrator with the will annexed of Mary's estate. The decree declared that Narcizo J. and Mary A. Bettencourt (joint owners of the property which was the subject of the trust) "did not comprehend the nature, legal effect or significance of said instruments" executed by them, and that Mary "lacked the mental capacity to legally execute the aforementioned instruments." The evidence is reported and the judge made a report of the material facts. The judge found that the husband thought he was making a will that dealt with the disposition of his property after the deaths of himself and his wife; that he felt that he retained all the incidents of ownership over the property during his lifetime; and that he did not realize that the transfers were irrevocable. The judge further found that the wife did not understand the documents signed by her and that her mental condition was such that she was incapable of understanding them. We have examined the evidence, virtually all of which was oral, and cannot say that the findings of the judge were plainly wrong. On the basis of these findings the decree setting aside the transfers was right. See *Clune* v. *Norton*, 306 Mass. 324, 326; Scott, Trusts (2d ed.) §§ 333, 333.2, 333.4.

*Decree affirmed.*

*Antone L. Silva* for Anna Schultz & another.

*Thomas M. Quinn* (*James M. Quinn* with him) for the petitioners.