ISABELLE C. RYAN & another vs. FRANCIS J. BRENNAN,
guardian
(and a companion case[1]).

Suffolk.   January 17, 1973. — September 14, 1973.

Present: ROSE, GRANT, & ARMSTRONG, JJ.

*Mistake.  Equity Jurisdiction*, Mistake.  *Guardian*, Respresentation of
ward.  *Probate Court*, Appeal, Answer, Parties.  *Law or Fact.
Words*, "Mistake."

In an equity proceeding in a Probate Court, motions to strike the
respondent's answer and for a decree pro confesso were treated by this
court as having been impliedly allowed upon the entry of a final
decree in favor of the petitioners, and, under G. L. c. 215,  § 14, the
propriety of the allowance of the motions was open in this court upon
an appeal by the respondent from the final decree. [472-474]

In an equity proceeding in a Probate Court to establish a trust as created
by a deed, an answer alleging that the execution of the deed "was done
under a mistake of fact or of law or both" did not plead a mere
conclusion of law but was sufficient to raise the factual issue of
mistake. [474]

Specifications filed in a Probate Court, stating that "mistake" in the
execution of a deed by a woman purporting to create a trust was that
"she acted on the belief and understanding" that the trust would take
effect only upon her death and she would have the beneficial interest
in the trust property during her life, and that she had the right to
revoke or change the trust during her life, disclosed mistakes, either of
which, if proved, would be a defense to a petition in equity, brought
during her life by the purported beneficiaries of the trust, to establish
it as presently effective. [474-475]

A proceeding for declaratory relief regarding acts of a ward prior to
guardianship was improperly brought against the guardian rather
than against the ward. [475]

An heir apparent or presumptive of a person under guardianship has no
standing to be made a party to a proceeding for declaratory relief
against the ward with respect to acts of the ward as distinguished
from those of the guardian, or to seek revocation or modification of
any decree which has been or might be entered in that proceed-
ing. [476]

---

[1] Edward M. Sullivan *vs*. Isabelle C. Ryan & others.

PETITIONS filed in the Probate Court for the county of Suffolk on July 2, 1971, and May 1, 1972.

The cases were heard by *Keville, J.*

*Raymond H. Young* for Francis J. Brennan, guardian.

*James D. St. Clair* (*Richard L. Levine* with him) for Edward M. Sullivan.

*Ronald R. Cloutier* (*Ronald F. Kehoe* with him) for Isabelle C. Ryan & another.

ARMSTRONG, J.    The first case is a petition for declaratory relief brought in a Probate Court to establish the existence of a trust, and to obtain the substitution of a new trustee and other affirmative relief with respect to the trust alleged. The second case, brought by a person not a party to the first case, is a petition to revoke the decree entered in the first case and to require the joinder of additional parties respondent thereto.

The petition for declaratory relief was brought by Isabelle C. Ryan (Mrs. Ryan), as one of the two beneficiaries of the alleged trust, and by one Farr, as agent under an escrow agreement for the deposit of the proceeds of the sale of the property subject to the alleged trust. The respondent Brennan was joined in two capacities: (1) as guardian of Isabelle C. Sullivan (the ward), mother of Mrs. Ryan and trustee of the alleged trust; and (2) as the other agent under the escrow agreement referred to. An additional respondent is James F. Sullivan (James), a brother of Mrs. Ryan and the other beneficiary of the alleged trust.

The petition contains the following allegations. By deed dated October 23, 1958, the ward and her husband conveyed certain real property to the ward in trust for the benefit of Mrs. Ryan and James. The deed provided that "[t]he trust shall terminate upon the death of the trustee at which time title to said property shall vest absolutely in the beneficiaries." The deed gave the ward, as trustee, "absolute power to sell, mortgage, lease or otherwise deal with said property in her discretion" but contained no power of revocation. By deed dated May 9, 1961, the ward purported to reconvey the trust property to herself and her husband as tenants by the entirety. Both conveyances apparently

occurred before the ward was placed under guardianship. After his appointment as guardian Brennan, claiming that the ward owned the entire beneficial interest in the property, entered into a contract to sell it to a third person.[2] Mrs. Ryan and James, who had never consented to any revocation of the trust, contested Brennan's claim. However, in order to facilitate the sale Mrs. Ryan, James, Brennan and Farr entered into an agreement on March 8, 1971, whereby the sale would go forward and the proceeds thereof would be deposited in escrow with Brennan and Farr pending the resolution of the issue of beneficial ownership. Paragraph 5 of the escrow agreement provided that within thirty days after the conveyance Brennan would seek declaratory relief as to the respective rights of the ward and the beneficiaries in the proceeds of the sale, and that if Brennan failed to commence such litigation within that period, any other party to the agreement might do so. Paragraph 6 provided: "The guardian, or either of the escrowees, or either of the children [i.e., Mrs. Ryan and James], may apply to the . . . Probate Court for an order for the payment, from the ward's estate, of the legal expenses and counsel fees incurred or anticipated in the prosecution and/or defense of the litigation contemplated by paragraph 5 hereof. To the extent, if any, that said court denies the payment of such fees and expenses out of the ward's estate, the children agree jointly and severally to pay such fees and expenses of the escrowees." The property was sold for the agreed-upon purchase price.[3] The thirty-day period prescribed in paragraph 5 of the escrow agreement expired without the institution by Brennan of the litigation contemplated therein.

---

[2] We infer that the ward's husband and purported co-tenant under the 1961 deed had died before Brennan entered into this contract, though the record is silent on this point.

[3] The record does not disclose that Brennan obtained a license to sell the property. None of the issues argued in these appeals appears to turn on this deficiency in the record, and one of the briefs asserts that Brennan did obtain such a license. We therefore assume this to have been the case.

The petition was filed July 2, 1971. By leave of court Brennan filed an answer as guardian on September 2. On November 3, the court allowed the petitioners' motion to strike Brennan's answer as guardian, allowed their motion for the entry of a decree pro confesso against James (whose answer offered no defense) and against Brennan as escrow agent (who filed no answer in that capacity), but denied their motion to take pro confesso as to Brennan in his capacity as guardian. Brennan, as guardian, was granted leave to file a further answer. Of the defenses asserted in that answer the only one Brennan presses on appeal is the one appearing in paragraph 4 thereof: "And further answering this Defendant says that the execution of said trust deed by said Isabelle C. Sullivan was done under mistake of fact or of law or both."

On November 23, Mrs. Ryan moved that Brennan be ordered to specify as to various allegations in his further answer, including "[t]he exact nature of the mistake of fact or of law or both under which Isabelle C. Sullivan allegedly acted when she executed the trust deed." The motion was allowed on the same date, and Brennan filed specifications which contained the following: "The nature of the mistake of fact or of law or both under which Isabelle C. Sullivan allegedly acted when she executed the 'trust' deed was that she acted on the belief and understanding that the 'trust' provisions would take effect only after her death, that she would have the beneficial interest in said property in the meantime, and on the further belief and understanding that she at all times had the right to revoke or change said 'trust' provisions at any time during her lifetime."

On December 21, pursuant to Rule 34 of the Probate Courts,[4] Mrs. Ryan moved to strike Brennan's further

---

[4] "A respondent, in answering, shall answer fully, directly and specifically to every material allegation or statement in the petition, so far as it relates or refers to him, and in simple terms set out his defense to each claim asserted by the petition, omitting any statement of mere evidence and avoiding any general denial of the averments of the petition or any part thereof, but specifically admitting, denying or explaining every fact upon which the petitioner relies, unless he is without knowledge, in which case he shall so state and this shall be treated as a denial. . . . The Court may entertain a motion to strike out the whole

Ryan v. Brennan.

answer as amplified by his specifications, except insofar as the answer admitted allegations in the petition, on the ground that it disclosed no defense, and also moved for the entry of a decree pro confesso against him. On the same day Brennan was allowed to amend his further answer and his specifications to include allegations that the ward's late husband had shared in the mistake asserted.

On February 7, 1972, Brennan moved to amend his specifications once again, this time by inserting the words "and intention" after the words "belief and understanding", and Mrs. Ryan moved to amend her motions to strike and for a decree pro confesso to include a reference to the intervening amendments to Brennan's answer and specifications. On the same day the court denied Brennan's motion further to amend, allowed both of Mrs. Ryan's motions to amend, and entered a final decree which declared that a trust existed and which ordered the ward's removal as trustee, the appointment of a new trustee, an accounting, the transfer of the proceeds held in escrow to the successor trustee, the payment of income and principal of the trust in accordance with its terms, and the payment of the petitioners' legal expenses and counsel fees from the ward's estate. Brennan has appealed from that decree.[5] Although the court did not act on the motions to strike and for a decree pro confesso as such, we regard those motions as having been impliedly allowed. Accordingly, we treat the allowance of those motions as within the scope of Brennan's appeal. G. L. c. 215, § 14. *School Comm. of Winchendon* v. *Selectmen of Winchendon,* 300 Mass. 266, 267 (1938). *White* v. *White,* 337 Mass. 114, 115 (1958).

Brennan argues that the court's implied allowance of those motions and its entry of the final decree were

or any part of an answer on the ground that it discloses no defense or no counterclaim or violates this rule and may entertain a motion to take for confessed the whole or any part of a petition for want of sufficient answer."

[5] Brennan has also appealed from the interlocutory decree denying his last motion to amend his specifications, but has not argued this appeal. We consider it waived. Rule 1:13 of the Appeals Court.

improper for two reasons: (a) that paragraph 4 of his answer, either standing alone or as amplified by his specifications, disclosed a sufficient defense and otherwise complied with Rule 34 of the Probate Courts; and (b) that the specifications pertaining to paragraph 4, if deficient, did not have the effect of making his otherwise good answer bad. We need not consider the second of these grounds as we conclude that the first ground requires reversal.

It cannot be said that the allegations in paragraph 4 were mere conclusions of law. While an allegation of "fraud" or "duress" is a conclusion of law which must be supported by underlying facts, an allegation of "mistake" is sufficient to disclose a fact in itself. *DeVincent Ford Sales, Inc.* v. *First Mass. Corp.* 336 Mass. 448, 452 (1957). Nor can it be said that "mistake of fact or of law or both" in "the execution of said trust deed" is not a good defense to the enforcement thereof. See *Reggio* v. *Warren,* 207 Mass. 525, 533-537 (1911); *Franz* v. *Franz,* 308 Mass. 262, 266 (1941); *White* v. *White,* 346 Mass. 76 (1963); *Reder* v. *Kuss,* 351 Mass. 15, 17 (1966); *Manha* v. *First Safe Deposit Natl. Bank of New Bedford,* 353 Mass. 750 (1967); Restatement 2d: Trusts, §§ 332 (1), 333; Scott, Trusts (3d ed.) §§ 333, 333.4. And while paragraph 4 of the answer can rightly be criticized for its failure to identify the particular mistake or mistakes relied upon, Mrs. Ryan's motion did not assert vagueness as a ground for striking the paragraph in question. We are therefore of the opinion that paragraph 4 must stand.

The specifications allege two mistakes: (a) a misunderstanding as to when the trust would take effect, and (b) a mistaken belief that the trustee had a power of revocation thereunder. Either kind of mistake, if proved, would be a good defense. *White* v. *White, supra. Manha* v. *First Safe Deposit Natl. Bank of New Bedford, supra.* Restatement 2d: Trusts, §§ 332 (1), 333. Scott, Trusts (3d ed.) §§ 332, 333, 333.4. See *Clune* v. *Norton,* 306 Mass. 324, 326 (1940). As the case must stand for trial, we point out that in order to sustain the burden of proving either (a) or (b), the party asserting it must present evidence of an actual mistake and cannot prevail on a showing of mere inadvertence on the

part of the settlors. *Coolidge* v. *Loring,* 235 Mass. 220, 224 (1920). Scott, Trusts (3d ed.) § 332, pp. 2626-2627.

Brennan does not argue the validity of any of the other defenses asserted in his further answer. We treat them as waived. Rule 1:13 of the Appeals Court.

Brennan's remaining argument is addressed to the propriety of that portion of the decree which ordered payment of the petitioners' counsel fees and expenses from the ward's estate in the amount of $3,110.76. No question has been raised as to Brennan's power to enter into an agreement to that effect or as to the power of the court to enter such an order in any event. Brennan argues only that the amount was excessive. In view of the numerous motions filed and (we assume) argued by counsel for the petitioners — occasioned in most instances by the deficiencies in the early pleadings and by the need for their repeated amendment — we cannot agree with Brennan's contention. In any event this amount will have to be redetermined when the case is tried on the merits, and Brennan will have an opportunity to reopen the amounts of fees and expenses before the Probate Court.

Though not called to our attention by the parties, the petition was incorrectly brought against the guardian rather than against the ward. Brennan's role as guardian is confined to the representation of his ward. G. L. c. 201, § 37. *Murphy* v. *Duane,* 238 Mass. 483, 486 (1921). See *Greeley* v. *Flynn,* 310 Mass. 23, 28 (1941); *Ryan* v. *McManus,* 323 Mass. 221, 222-223 (1948); *Cooney* v. *Montana,* 347 Mass. 29, 31, fn. 1 (1964). Accordingly the petition in the first case must be amended as hereinafter directed.

The second case is a petition to revoke the decree entered in the first case and was brought by Edward M. Sullivan (Edward), a brother of Mrs. Ryan and James but not a beneficiary of the trust. The respondents include all the parties to the first case, as well as the ward and one Joan E. Bucklin, identified in the petition as "another heir at law" of the ward. The petitioner alleges that the earlier decree affects the rights of all heirs at law of the ward, that he and

the respondent Bucklin are among those heirs, and that they received no notice of the petition for declaratory relief and had no opportunity to present a defense thereto. He prays that the decree in the earlier case be revoked and that the petitioners therein be ordered to serve all the ward's heirs at law.

Edward appeals from various decrees, including one dismissing the petition.

The petition was rightly dismissed. Neither Edward nor the respondent Bucklin has been shown to have standing to be parties to the declaratory relief proceeding or to seek revocation or modification of any decree which has been or might be entered in that proceeding.

In the first place, neither of them can properly be regarded as an "heir" of the ward because the ward can have no heirs until her death. *Hall* v. *Farmer,* 229 Mass. 103, 104 (1918). *Sherburne* v. *Howland,* 239 Mass. 439, 441 (1921). "Those who would be the heirs of a person at any other time than his death constitute an artificial creation and not a recognized class." *Gilman* v. *Congregational Home Missionary Soc.* 276 Mass. 580, 583 (1931).

Moreover, Edward's reliance on various cases and statutes entitling heirs or prospective heirs to participate in judicial proceedings involving acts of guardians is misplaced. The petition for declaratory relief is not such a proceeding. The acts challenged here are not those of the guardian but those of the ward. As we have already stated, the guardian was not even properly joined as a party respondent in the declaratory relief proceeding, as that proceeding should have been brought instead against the ward herself. The fact that she happened to be under guardianship at the time the petition was brought is wholly irrelevant to the matters at issue in the case or the identity of the parties required to be joined therein. We are aware of no legal requirement that an heir apparent or presumptive of a person under guardianship be made a party to proceedings against the ward with respect to her own acts.

There was no abuse of discretion in the denial of Edward's motion to amend his petition. The allegations in

his proffered amendment, consisting of new defenses claimed to be available in the proceeding for declaratory relief, would not have cured Edward's lack of standing, or otherwise affected the outcome of his case. See *White* v. *White,* 337 Mass. 114, 117 (1958).

The final decree in the proceeding for declaratory relief is reversed. Appropriate amendments to the pleadings are to be allowed which will substitute the ward herself as a party respondent in place of Brennan as her guardian. The case is to stand for trial on paragraph 4 of the further answer, as amended and as amplified by the specifications. The decree dismissing the petition to revoke is affirmed. The ward is to have costs and expenses of both appeals.

*So ordered.*