ALFRED E. BATTISTA *vs.* CHARLES MOREAU & others. September 17, 1974. These are appeals from an interlocutory decree sustaining a demurrer to a "bill in equity for declaratory judgment" and from a final decree dismissing the bill. The plaintiff, one of four buyers under an agreement for the purchase and sale of real estate, brought the present bill against the seller and the other buyers to secure specific performance of the agreement. The defendants have argued on appeal that the bill is excessively vague. Although we are inclined to agree with this assessment, we consider that possible issue foreclosed by the defendants' failure to assign it as a ground of their demurrer. See *Ryan* v. *Brennan,* 1 Mass. App. Ct. 469, 474 (1973). Of the five grounds set forth in support of the demurrer, three have been waived by the defendants. Not waived were contentions (1) that the plaintiff had an adequate remedy at law and (2) that he had asserted a claim for money damages triable only in an action at law. The fact that a plaintiff has a remedy at law for damages does not necessarily bar a suit in equity for specific performance of such a contract. See G. L. c. 214, § 1A (as appearing in St. 1973, c. 1114, § 62). Such a rule is particularly in point where, as here, the plaintiff claims an interest in land. See *Noyes* v. *Bragg,* 220 Mass. 106, 109 (1915). As to the second ground of

demurrer, the plaintiff's prayer for compensation for injuries resulting from the alleged breach constitutes at most an ancillary claim for damages which does not oust the court of jurisdiction in equity. See *Connihan* v. *Thompson,* 111 Mass. 270, 271 (1873); *Olszewski* v. *Sardynski,* 316 Mass. 715, 717 (1944).

*Decrees reversed.*

*David Cohen* (*Gerald H. Van Dam* with him) for the plaintiff.
*Edgar L. Kelley* (*Philip D. Moran* with him) for the defendants.

